[Cite as *Ford v. Ford*, **2012-Ohio-5454.**]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHRISTINA A. FORD, nka STROPE | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2012 AP 03 0025 |
| JAMES J. FORD | |
| | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:   Civil Appeal from the Court of Common
                           Pleas, Case No.  2002 TC 110530

JUDGMENT:                  Affirmed

DATE OF JUDGMENT ENTRY:    November 26, 2012

APPEARANCES:

For Plaintiff-Appellant            For Defendant-Appellee

RICHARD J. FOX                     JOSEPH I. TRIPODI
122 South Wooster Avenue           114 East High Street
Strasburg, Ohio  44680             New Philadelphia, Ohio  44663

*Wise, J.*

{¶1} Appellant Christina A. Ford nka Strope appeals the decision of the Court of Common Pleas, Tuscarawas County. The relevant facts leading to this appeal are as follows.

{¶2} Appellant-mother and appellee-father, the parents of L.F., born in 1998, were divorced in Tuscarawas County in June 2003. The 2003 divorce decree originally granted shared parenting as to L.F. However, pursuant to a post-decree judgment entry filed October 17, 2005, shared parenting was terminated and appellant-mother was named the residential parent of L.F.

{¶3} In 2006, appellant married Kenneth Strope. However, on July 7, 2010, appellant and Strope were divorced.

{¶4} On December 29, 2010, Appellee James Ford filed a post-decree motion for reallocation of parental rights and responsibilities, seeking a change of custody of L.F. The matter proceeded to an evidentiary hearing before a magistrate on October 6, 2011.

{¶5} On November 14, 2011, the magistrate issued a decision recommending, inter alia, that appellant-mother should maintain custody of L.F., with expanded companionship time for appellee-father.

{¶6} On November 22, 2011, appellee filed an objection to the decision of the magistrate. On December 28, 2011, appellee filed a supplement to his objection. Appellant filed a response to the objection and supplement on January 9, 2012.

{¶7} Following a non-oral consideration, the trial court issued a judgment entry on March 2, 2012 adopting in part and modifying in part the decision of the magistrate.

Most importantly, the trial court rejected the magistrate's decision as to custody of the child, and ordered that residential parent status and custody be granted to appellee-father. On March 23, 2012, modified support orders were issued.

{¶8} On March 30, 2012, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY MODIFYING THE PRIOR CUSTODY DECREE WHEN THERE WAS INSUFFICIENT EVIDENCE OF A 'CHANGE OF CIRCUMSTANCES' REQUIRED BY STATUTE; INSUFFICIENT EVIDENCE THAT THE CHANGE OF CUSTODY WAS NECESSARY TO SERVE THE BEST INTERESTS OF THE MINOR CHILD; AND INSUFFICIENT EVIDENCE THAT THE HARM LIKELY TO BE CAUSED BY A CHANGE OF ENVIRONMENT WAS OUTWEIGHED BY THE ADVANTAGES OF THE CHANGE OF ENVIRONMENT TO THE CHILD. THEREFORE THE FINDINGS OF THE TRIAL COURT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THEY WERE NOT SUPPORTED BY COMPETENT AND CREDIBLE EVIDENCE."

I.

{¶10} In her sole Assignment of Error, appellant argues the trial court abused its discretion in modifying its prior orders as to custody of L.F. We disagree.

### Standard of Review

{¶11} We generally review a trial court's decision allocating parental rights and responsibilities under a standard of review of abuse of discretion. *See Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. An abuse of discretion occurs when the trial court's judgment is unreasonable, arbitrary or unconscionable. *Blakemore v.*

*Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of fact. *Lehman v. Lehman*, Fairfield App.No. 11 CA 43, 2012-Ohio-2082, ¶ 17 (additional citations omitted).

{¶12} In the case sub judice, appellant emphasizes that the present custody issues were heard by a magistrate, whose recommendation to maintain L.F. in appellant's custody was overruled by the trial court judge, following appellee's Civ.R. 53 objection, without the trial court taking additional evidence.[1] Appellant thus suggests that greater deference should be afforded to the magistrate under such circumstances. See Appellant's Brief at 15. However, we have generally recognized that a trial court enjoys broad discretion in determining whether to sustain or overrule an objection to a magistrate's decision. *See, e.g., Rader v. Rader*, Licking App.No. 07 CA 5, 2007-Ohio-4288, ¶ 19, citing *Remner v. Peshek* (Sept. 30, 1999), Mahoning App.No. 97-CA-98, 1999 WL 803441. Moreover, magistrates are arms of their appointing courts, "which remain responsible to critically review and verify the work of the magistrates they appoint." *Quick v. Kwiatkowski* (Aug. 3, 2001), Montgomery App. No. 18620, citing *Normandy Place Associates v. Beyer* (1982), 2 Ohio St.3d 102. While the magistrate is the "initial fact finder and issue resolver," the trial court remains the "ultimate fact finder and issue resolver." *See Dayton v. Whiting* (1996)*,* 110 Ohio App.3d 115, 118, 673

---

[1] The trial court noted as follows in regard to the parameters of its review:

"The Court has read the Transcript of 245 pages taken at the hearing held on October 6, 2011. *** The Court has also read the depositions of James J. Ford, Jr., Christina A. Strope, and Tina Durant filed with the Court on October 4, 2011. The Court listened to the child interview of May 9, 2011. The Court has also reviewed all of the exhibits admitted into evidence at the hearing before the Magistrate on October 6, 2011."

Judgment Entry, March 2, 2012, at 2.

N.E.2d 671 (interpreting former Civ.R. 53 referee function). Thus, we find our essential role in determining whether there is relevant, competent, and credible evidence upon which the factfinder could base her judgment (*see Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911) is not herein altered simply because the trial court overruled the magistrate's custody decision.

<u>Analysis</u>

**{¶13}** R.C. 3109.04(E)(1)(a) reads in pertinent part as follows: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

**{¶14}** "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

**{¶15}** "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

**{¶16}** "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

*Change in Circumstances*

**{¶17}** Appellant first contends there was an insufficient showing of a change in circumstances to warrant a child custody change.

**{¶18}** As an initial matter, we note appellee argues in his response brief that appellant did not raise the issue of "change in circumstances" via an objection to the decision of the magistrate.

**{¶19}** Certainly, Civ.R. 53(D)(3)(b)(iv) provides that "a party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." *See, e.g., Sano v. Sano,* Stark App.No. 2010CA00252, 2011–Ohio–2110, ¶ 16. However, in the case sub judice, the magistrate initially ruled in appellant's favor by recommending that L.F. stay in appellant's custody; it was thus appellee who thereupon filed a Civ.R. 53 objection.

**{¶20}** Ordinarily, under such circumstances, we would not be inclined to apply the waiver rule of Civ.R. 53(D)(3)(b)(iv) against an appellant who had not initiated the objection proceedings before the trial court. However, in the case sub judice, appellant filed a response to appellee's objection, stating that " *** although [appellant] continues to believe that the change of circumstances required for a change of custody has not occurred, the magistrate made that finding and [appellant] is not attacking the magistrate's finding." Plaintiff's Response to Objections, January 9, 2012, at 9. We therefore find appellant waived the issue of "change in circumstances" in the within appeal.

{¶21} Nonetheless, we have recognized that an appellant's failure to object to a magistrate's decision does not bar appellate review of "plain error." *See, e.g., Tormaschy v. Weiss* (July 6, 2000), Richland App .No. 00 CA 01, citing *R.G. Real Estate Holding, Inc. v. Wagner* (April 24, 1998), Montgomery App. No. 16737. In the case sub judice, the trial court, as the basis for its "change in circumstances" finding, essentially relied on the fact that appellant-mother had remarried and had then been divorced from Kenneth Strope, as well as the fact that L.F. had expressed a desire to live with appellee-father. Upon review, we find no plain error in the trial court's conclusion that a change had occurred in the circumstances of the child for purposes of a custody review.

### *Best Interest of the Child*

{¶22} Appellant next maintains that the trial court abused its discretion in finding that a change of custody was in the best interest of L.F.

{¶23} R.C. 3109.04(F)(1) states as follows:

{¶24} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:

{¶25} "(a) The wishes of the child's parents regarding the child's care;

{¶26} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

**{¶27}** "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

**{¶28}** "(d) The child's adjustment to the child's home, school, and community;

**{¶29}** "(e) The mental and physical health of all persons involved in the situation;

**{¶30}** "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

**{¶31}** "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

**{¶32}** "(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the

commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

**{¶33}** "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

**{¶34}** "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."

**{¶35}** Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence. *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159. We note that there is no requirement that a trial court separately address each factor enumerated in R.C. 3109.04. *In re Henthorn,* Belmont App. No. 00-BA-37, 2001-Ohio-3459. Absent evidence to the contrary, an appellate court will presume the trial court considered all of the relevant "best interest" factors listed in R.C. 3109.04(F)(1). *Id.,* citing *Evans v. Evans* (1995), 106 Ohio App.3d 673, 677.

**{¶36}** The record in the case sub judice reveals that after appellant remarried after the parties' 2003 divorce, her new husband, Kenneth Strope, developed a positive relationship with L.F. and clearly took on a stepfather role. However, appellant and Kenneth divorced in July 2010, with negative ramifications for L.F. For example, due to appellant's work schedule, L.F. was forced to spend more time alone at home during the evenings and overnight periods; furthermore, after the divorce, L.F. was marked tardy at school five times and received two in-school suspensions. In its judgment entry, the trial court reviewed the aforesaid statutory factors and found that both parents want

to be residential parents of L.F. and both have remained involved in the child's life (R.C. 3109.04(F)(1)(a) and (c)), that L.F. wants to live with appellee-father (R.C. 3109.04(F)(1)(b)), that L.F. has friends in the Copley area (appellant's city of residence) and is well-adjusted to school there (R.C. 3109.04(F)(1)(d)), but that appellant has taken steps to limit communication between appellee and L.F. (R.C. 3109.04(F)(1)(f)). The record also indicates that appellee has a house and yard, as opposed to appellant's apartment residence, and that appellee has maintained ties with L.F.'s extended relatives, while appellant has limited contact with her mother and brother. Evidence was also brought out that appellant once inadvertently sent inappropriate photographs via cell phone to one of L.F.'s coaches. On the other hand, evidence was adduced that appellee permitted L.F. to obtain a Facebook account at just 11 years of age, and that appellee also assisted L.F. in obtaining a watercraft operator's license without appellant's permission.

**{¶37}** Ohio courts have recognized that the maintenance of ties with extended family members is an important factor in the consideration of a child's best interest. See, e.g., *In re Marriage of Shore* (1999), 135 Ohio App.3d 374. Moreover, in proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important. See *Thompson v. Thompson* (1987), 31 Ohio App.3d 254, 258, 511 N.E.2d 412, citing *Trickey v. Trickey* (1952), 158 Ohio St. 9, 13, 106 N.E.2d 772. Under the present circumstances, upon review, we find the trial court duly considered the statutory "best interest" factors, and its decision in this regard did not constitute an abuse of discretion.

*Harm/Advantage Weighing*

**{¶38}** Appellant lastly contends the trial court abused its discretion in determining the harm likely to be caused to L.F. by a change of environment would be outweighed by the advantages of such a change.

**{¶39}** In addition to the issues of "change in circumstances" and whether a custody modification is in the best interest of the child, in determining whether the modification is appropriate, a trial court must also find that the harm that will result from the change will be outweighed by the resultant benefits, pursuant to R.C. 3109.04(E)(1)(a)(iii). *See Oliver v. Arras,* Tuscarawas App.No. 2001 AP 11 0105, 2002-Ohio-1590. However, the statute does not require that the trial court make express findings concerning this determination. *See Cameron v. Cameron*, Medina App.No. 10CA0064–M, 2011-Ohio-3884, ¶ 11. The trial court in the case sub judice made a basic finding that any harm likely to be caused by the change of environment is outweighed by the advantage to L.F. of such change. Judgment Entry, March 2, 2012, at 6. Our review of the record in the matter sub judice does not indicate that appellate reversal under the facts and circumstances presented would be warranted against the trial court's finding under R.C. 3109.04(E)(1)(a)(iii).

## *Conclusion*

**{¶40}** We therefore hold the trial court's decision reallocating parental rights and responsibilities for L.F. did not constitute an abuse of discretion. Appellant's sole Assignment of Error is overruled.

**{¶41}** For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 1025

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTINA A. FORD, nka STROPE | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES J. FORD | : | |
| | : | |
| Defendant-Appellee | : | Case No. 2012 AP 03 0025 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

JUDGES