[Cite as *Cameron v. Cameron*, 2011-Ohio-3884.]

STATE OF OHIO )
)ss:
COUNTY OF MEDINA )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

DOUG CAMERON

 Appellant

 v.

SHARON CAMERON

 Appellee

C.A. No. 10CA0064-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No. 06 DR 0423

DECISION AND JOURNAL ENTRY

Dated: August 8, 2011

BELFANCE, Presiding Judge.

{¶1} Doug Cameron appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we affirm.

I.

{¶2} Mr. Cameron and Sharon Schuessler divorced in September 2006. Mr. Cameron was designated the residential parent and legal custodian for the parties' four children. Two years later, Ms. Schuessler moved the trial court to modify the allocation of parental rights and responsibilities and submitted a proposed shared parenting plan for the court's consideration.

{¶3} The magistrate, after interviewing the children and considering the evidence, granted Ms. Schuessler's motion and recommended the adoption of her shared parenting plan subject to parenting time modifications which reduced Ms. Schuessler's parenting time to five days every two weeks rather than her proposed week-to-week plan. The magistrate determined that the implementation of the shared parenting plan, as modified by the magistrate, would be in

the children's best interest. The magistrate also determined that Ms. Schuessler's child support obligation should be reduced to zero.

{¶4} Mr. Cameron filed objections to the magistrate's decision but failed to submit a transcript or other proper substitute. Prior to the trial court ruling on the objections, Mr. Cameron brought a show cause motion against Ms. Schuessler for failure to pay child support. The trial court overruled Mr. Cameron's objections and adopted the magistrate's decision. It also indicated that the child support modification would be retroactive to the date of the filing of the motion for modification.

{¶5} Mr. Cameron appealed, but this Court dismissed for lack of a final, appealable order. The trial court issued a new judgment entry that implemented the modified shared parenting plan, and Mr. Cameron again appealed, raising two assignments of error.

II.

### ASSIGNMENT OF ERROR I

"IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO APPLY THE CHILD SUPPORT MODIFICATION RETROACTIVELY TO THE DATE OF FILING."

{¶6} Mr. Cameron argues that the trial court should not have made its order modifying Ms. Schuessler's child support obligation retroactive. The trial court's calculation of child support is reviewed for an abuse of discretion. *Dunbar v. Dunbar* (1994), 68 Ohio St.3d 369, 371. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶7} Mr. Cameron does not challenge the modification of child support, only the trial court's making it retroactive to the date that Ms. Schuessler filed her motion. "[A]bsent some special circumstance, an order of a trial court modifying child support should be retroactive to

the date such modification was first requested." *State ex rel Draiss v. Draiss* (1990), 70 Ohio App.3d 418, 421; see, also, *O'Neill v. Bowers*, 9th Dist. No. 21950, 2004-Ohio-6540, at ¶20. Mr. Cameron suggests that this case presents a "special circumstance[.]" Because he failed to provide a transcript of the proceedings or an appropriate substitute to the trial court, it was required to accept all of the magistrate's findings of fact as true and review only the magistrate's conclusions of law based upon those unchallenged factual findings. *Batcher v. Batcher*, 9th Dist. No. 25314, 2011-Ohio-1509, at ¶11; see, also, Civ.R. 53(D)(3)(b)(iii). He has not argued that any of the facts in the record before us suggest a special circumstance necessary to overcome the presumption of retroactivity. App. R. 16(A)(7). Accordingly, given the presumption expressed in *Draiss*, we cannot say that the trial court abused its discretion when it declared the modification of Ms. Schuessler's child support obligation to be retroactive. *Draiss*, 70 Ohio App.3d at 421.

{¶8}	Mr. Cameron's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ORDER SHARED PARENTING IN THIS CASE."

{¶9}	In his second assignment of error, Mr. Cameron contends that the trial court abused its discretion in ordering shared parenting. This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. No. 24150, 2008-Ohio-5232, at ¶9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, at ¶18.

{¶10}	In this case, the magistrate recommended that the court grant Ms. Schuessler's motion and adopt a shared parenting plan. In so doing, the magistrate made factual findings and

considered R.C. 3109.04(E)(1) and the best interest factors enumerated in R.C. 3109.04(F)(1)-(2) as applied to its findings. Upon close examination of Mr. Cameron's merit brief, we note that Mr. Cameron is essentially challenging the magistrate's findings of fact which were ultimately adopted by the trial court. As noted above, however, the trial court was required to accept all of the magistrate's findings of fact as true. *Batcher* at ¶11; see, also, Civ.R. 53(D)(3)(b)(iii). In light of the facts in the record before us, we cannot conclude that the trial court abused its discretion in ordering shared parenting.

{¶11} Mr. Cameron also suggests that the trial court committed legal error when it failed to make express findings concerning its determination that the advantages of altering the original allocation of parental rights outweighed the likely harm pursuant to R.C. 3109.04(E)(1)(a)(iii). However, he does not cite any authority supporting this claim, and we see no authority for this proposition in the statute. See App.R. 16(A)(7).

{¶12} The trial court did not abuse its discretion when it adopted the magistrate's recommendation to implement Ms. Schuessler's proposed shared parenting plan with the magistrate's suggested modifications. Mr. Cameron's second assignment of error is overruled.

III.

{¶13} Mr. Cameron's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT


CARR, J.
WHITMORE, J.
CONCUR

APPEARANCES:

JENNIFER L. MALENSEK, Attorney at Law, for Appellant.

KEVIN W. DUNN, Attorney at Law, for Appellee.