[Cite as *In re P.J.H.*, 196 Ohio App.3d 122, 2011-Ohio-5970.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

IN RE P.J.H.                                    :

                                                :     C.A. CASE NO.   2011 CA 15

                                                :     T.C. NO.   20630295

                                                :      (Civil appeal from Common
                                                       Pleas     Court,     Juvenile
                                                       Division)

                                                :

                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____18th_____ day of _____November_____, 2011.

. . . . . . . . . .

Jay M. Lopez, for Appellant, Robin Kenney.

Douglas B. Gregg, for Appellee, Chris Hale.

. . . . . . . . . .

DONOVAN, Judge.

{¶ 1}  Defendant-appellant, Robin Kenney, appeals a decision of the Miami County Court of Common Pleas, Domestic Relations Division, wherein the trial court ordered plaintiff-appellee, Chris Hale, to pay child support for P.J.H., beginning on August 20, 2010, rather than April 30, 2010, the date on which Kenney originally filed her motion requesting child support.  On July 5, 2011, the trial court filed an entry setting the effective date on which Hale's child-support obligation would begin.

Kenney filed a timely notice of appeal with this court on July 26, 2011.

I

{¶ 2}  P.J.H. was born on December 20, 2001, to Kenney and Hale. Kenney is P.J.H.'s residential parent.  On April 30, 2010, Kenney filed a motion in which she requested that Hale provide child support for P.J.H.  Before Kenney's motion, Hale had not paid child support for P.J.H.  Rather, Hale had agreed to provide daycare for P.J.H. in lieu of child support because he was not working at the time.

{¶ 3}  On February 7, 2011, the trial court ordered each party to submit a brief in support of their respective positions regarding the effective date that Hale's child-support obligation should commence.  In an entry issued on July 5, 2011, the trial court designated August 20, 2010, as the effective date of Hale's child-support obligation.

{¶ 4}  It is from this judgment that Kenney now appeals.

II

{¶ 5}  Kenney's sole assignment of error is as follows:

{¶ 6}  "The trial court erred in setting the effective date of child support on August 1[sic], 2010, instead of April 30, 2010, the date the appellant filed her motion requesting child support."

{¶ 7}  In her sole assignment, Kenney contends that the trial court abused its discretion when it ordered the effective date of Hale's child-support obligation as August 20, 2010, rather than April 30, 2010, the date on which Kenney originally filed her motion for child support.

{¶ 8} We review error assigned with respect to an order concerning child support on the abuse-of-discretion standard. *Booth v. Booth* (1989), 44 Ohio St.3d 142.

{¶ 9} " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 10} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Ents., Inc. v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161.

{¶ 11} In *Quint v. Lomakoski*, 173 Ohio App.3d 146, 2007-Ohio-4722, at ¶ 49, we wrote:

{¶ 12} "If a court determines that a support order should be modified, it may make the modification order effective from the date the motion for modification was filed. *Murphy v. Murphy* (1984), 13 Ohio App.3d 388, 389, 13 OBR 471. Indeed, '[a]bsent some special circumstance, an order of a trial court modifying child support should be retroactive to the date such modification was first requested.' *State ex rel. Draiss v. Draiss* (1990), 70 Ohio App.3d 418, 421. Any other holding might produce an inequitable result in view of the substantial time it frequently takes the trial court

to dispose of motions to modify child-support obligations. *Murphy,* 13 Ohio App.3d at 389."

{¶ 13} In its journal entry issued on July 5, 2011, the trial court stated as follows:

{¶ 14} "This matter is before the Court upon the issue of the effective date of a child support obligation for the above named minor child; both parties have submitted legal arguments for their position.

{¶ 15} "THE COURT FINDS that special circumstances apply and that the effective date shall be August 20, 2010, and that said date has been added to the agreed upon and previously submitted Shared Parenting Plan.

{¶ 16} "THE COURT THEREFOR ORDERS that the effective date of the child support obligation shall be August 20, 2010.  The CSEA shall amend its records accordingly."

{¶ 17} Hale argued in his brief to the trial court that the effective date to be used for the commencement of child support should be December 10, 2010.  Hale noted that on December 10, 2010, the parties appeared before the trial court and reached an agreement with respect to a shared-parenting agreement, as well as the amount of child support to be paid.  Hale asserts that prior to December 10, 2010, the parties were privy to an agreement whereby Hale and Kenney were both responsible for 50 percent of P.J.H.'s expenses.  For this reason, Hale argued that a special circumstance existed that required the trial court to choose an effective date other than April 30, 2010, the date on which Kenney filed her motion for child support.  Hale asserts that if the effective date of child support had been set as of

April 30, 2010, as Kenney requested, he would now be responsible for child support for the same time he was already responsible for 50 percent of all P.J.H.'s expenses. Such a ruling, Hale argued, would permit Kenney to receive essentially double the support during the period from April 30, 2010, to December 10, 2010.

{¶ 18} As previously noted, Kenney filed her motion for child support on April 30, 2010. When such a motion is granted, the court abuses its discretion if it selects a date other than the date on which the application was made when the date the court selects fails to coincide with any significant event in the litigation. *Ebersole v. Ebersole*, Montgomery App. No. 23493, 2009-Ohio-6581, ¶ 10.

{¶ 19} Upon review, we conclude that the date chosen by the trial court, August 20, 2010, is of no significance in the instant litigation. In its entry designating August 20, 2010, as the effective date of Hale's child support obligation, the trial court did not disclose its reason for choosing that date, nor did it elaborate on the nature of the special circumstances that led to its decision to choose a date other than the date upon which the motion for child support was originally filed. The alternative of selecting an effective date for an ordered modification because it coincides with a "significant date in the litigation," *Ebersole*, implies a significance in relation to the grounds for the modification ordered. *Bell v. Bell*, Montgomery App. No. 23714, 2010-Ohio-5276. In the instant case, the trial court seems to have chosen August 20, 2010, without any reasonable basis. Had special circumstances existed that would support the designation of a date other than the date upon which the motion for support was filed, the record suggests that December 10, 2010, would have been a reasoned choice as the effective date of child support.

**{¶ 20}** The trial court therefore abused its discretion in selecting a date other than April 30, 2010, or some other date that coincided with an event of significance in relation to the grounds for child support that was ordered, as the effective date for that relief.

**{¶ 21}** The assignment of error is sustained. The final order from which the appeal was taken will be reversed with respect to the effective date of the modification of child support ordered, and the case will be remanded for further proceedings consistent with this opinion. The final order will otherwise be affirmed.

Judgment affirmed in part

And reversed in part,

and cause remanded.

. . . . . . . . . .

FAIN and FROELICH, JJ., concur.