[Cite as *Sandel v. Choma*, 2012-Ohio-3781.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

LORI S. SANDEL

    Appellee

    v.

DAVID CHOMA

    Appellant

C.A. No.     25995

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     1998-06-1433

DECISION AND JOURNAL ENTRY

Dated: August 22, 2012

CARR, Judge.

{¶1} Appellant, David Choma, appeals an order of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses.

I.

{¶2} Mr. Choma and Appellee, Lori Sandel (fka Choma), divorced in 1998 after four years of marriage. They are the parents of two children who were toddlers at the time of the divorce. As part of the divorce decree, the parties entered into a shared parenting agreement that provided that Mr. Choma would pay $522.29 per month for each child in child support. Over the years, the parties' incomes increased at different rates, and Mr. Choma's child support obligation was modified twice. In 2003, the trial court modified his obligation to $375 per month for each child. Later the same year, the parties agreed to another modification that reduced Mr. Choma's child support obligation to $209.88 per month for each child, including poundage. In February 2009, Mr. Choma moved to terminate his child support obligation and for an order requiring Ms.

Sandel to pay child support instead. The trial court terminated his obligation to pay child support, but upon finding that the parties had essentially equal incomes, did not order Ms. Sandel to pay.

{¶3} On August 10, 2009, Mr. Choma filed the motion that is at issue in this appeal, requesting that the trial court order Ms. Sandel to pay child support in light of her increased income. Hearing on the matter was continued until May 2010 and, when a second day of testimony was required, the magistrate scheduled a hearing one month later. The magistrate issued a decision on March 30, 2011, recommending an amendment of the shared parenting plan effective April 1, 2011, and an award of child support from Ms. Sandel effective on the same date. The trial court entered judgment on the magistrate's decision in accordance with Civ.R. 53(D)(4)(e)(i). Mr. Choma objected to the magistrate's decision, arguing that although the amendment to the shared parenting plan was effective April 1, 2011, the effective date of the child support award should have been the date he filed the motion to modify. The trial court overruled his objection, and Mr. Choma appealed.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN SETTING THE STARTING DATE FOR THE MODIFICATION CHILD SUPPORT AS APRIL 1, 2011, AND NOT AUGUST [10], 2009.

{¶4} Mr. Choma's sole assignment of error is that the trial court should have established the date that he filed the motion to modify child support as the effective date of Ms. Sandel's child support obligation.

{¶5} When a trial court modifies child support, the change should be effective as of the date that the motion to modify was filed unless "special circumstance[s]" justify a different date.

*State ex rel. Draiss v. Draiss*, 70 Ohio App.3d 418, 421 (9th Dist.1990). "If the effective date of the order modifying support payments is not deemed effective on the date the motion requesting such modification is filed, [the moving party] is penalized for the time required to have his motion heard and determined by the trial court." *Kuntz v. Kuntz*, 10th Dist. No. 78AP-831, 1979 WL 209183, *4 (July 5, 1979). In other words, "a retroactive modification is appropriate to protect the parties from the delays that are inherent in our legal system." *State ex rel. Mullaney v. Mullaney*, 9th Dist. No. 2628-M, 1997 WL 679904, *2 (Oct. 22, 1997). This general rule is widely accepted in Ohio. *See generally Zamos v. Zamos*, 11th Dist. No. 2002-P-0085, 2004-Ohio-2310, ¶ 13. This Court has applied the rule consistently and, more recently, has characterized it as "presumption of retroactivity" that may be "overcome" by facts in the record that demonstrate special circumstances. *Cameron v. Cameron*, 9th Dist. No. 10CA0064-M, 2011-Ohio-3884, ¶ 7.

{¶6} When a trial court selects a different effective date for a child support modification, that date must have a "reasonable basis" and bear some significance in the underlying litigation. *In re P.J.H.*, 196 Ohio App.3d 122, 2011-Ohio-5970, ¶ 19 (2d Dist.2011). *See also Draiss* at 421. "The alternative of selecting an effective date for an ordered modification because it coincides with a 'significant date in the litigation,' implies a significance in relation to the grounds for the modification ordered." (Internal citation omitted.) *Bell v. Bell*, 2d Dist. No. 23714, 2010-Ohio-5276, ¶ 23. Although a trial court has the discretion to select a different effective date within these parameters, it must state the reason for doing so. *Scheibert v. Scheibert*, 9th Dist. No. 2737, 1992 WL 393161, *3 (Dec. 30, 1992). For example, this Court has concluded that when a trial court's order states that "the date of the hearing is more appropriate than the date of the filing[,]" it "fails to provide an adequate basis for rejecting

retroactive modification." *Dzeba v. Dzeba*, 9th Dist. No. 16225, 1993 WL 498181, *4 (Dec. 1, 1993). *Compare Tomasik v. Tomasik*, 9th Dist. No. 17822, 1997 WL 45055, *4.

**{¶7}** In this case, although Mr. Choma filed his motion to modify support on August 10, 2009, the trial court made it effective on April 1, 2011, to coincide with the amendment of the parties' shared parenting agreement. The trial court identified the alternative date, but it did not explain its reasons for doing so. Because the trial court's judgment does not "provide an adequate basis for rejecting retroactive modification," this Court must reverse and remand for the trial court to make this determination. *See Dzeba* at *4. Mr. Choma's assignment of error is sustained.

III.

**{¶8}** Mr. Choma's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

JOHN M. DOHNER, Attorney at Law, for Appellant.

MORA LOWRY, Attorney at Law, for Appellee.