[Cite as *Sandel v. Choma*, 2013-Ohio-5410.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| LORI S. SANDEL | C.A. No. 26895 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID CHOMA | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 1998-06-1433 |

DECISION AND JOURNAL ENTRY

Dated: December 11, 2013

HENSAL, Judge.

{¶1} Appellant, David Choma, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, this Court affirms.

I.

{¶2} Mr. Choma and Lori S. Sandel were divorced in 1998. They have two minor children from the marriage. This Court previously stated the applicable facts in *Sandel v. Choma*, 9th Dist. Summit No. 25995, 2012-Ohio-3781:

> As part of the divorce decree, the parties entered into a shared parenting agreement that provided that Mr. Choma would pay $522.29 per month for each child in child support. Over the years, the parties' incomes increased at different rates, and Mr. Choma's child support obligation was modified twice. In 2003, the trial court modified his obligation to $375 per month for each child. Later the same year, the parties agreed to another modification that reduced Mr. Choma's child support obligation to $209.88 per month for each child, including poundage. In February 2009, Mr. Choma moved to terminate his child support obligation and for an order requiring Ms. Sandel to pay child support instead. The trial court

terminated his obligation to pay child support, but upon finding that the parties had essentially equal incomes, did not order Ms. Sandel to pay.

On August 10, 2009, Mr. Choma filed the motion that is at issue in this appeal, requesting that the trial court order Ms. Sandel to pay child support in light of her increased income. Hearing on the matter was continued until May 2010 and, when a second day of testimony was required, the magistrate scheduled a hearing one month later. The magistrate issued a decision on March 30, 2011, recommending an amendment of the shared parenting plan effective April 1, 2011, and an award of child support from Ms. Sandel effective on the same date. The trial court entered judgment on the magistrate's decision in accordance with Civ.R. 53(D)(4)(e)(i). Mr. Choma objected to the magistrate's decision, arguing that although the amendment to the shared parenting plan was effective April 1, 2011, the effective date of the child support award should have been the date he filed the motion to modify. The trial court overruled his objection, and Mr. Choma appealed.

*Id*. at ¶ 2-3. This Court reversed and remanded the matter for the trial court to explain its reasons for not ordering that the child support be retroactively modified to the date Mr. Choma filed his motion. *Id*. at ¶ 7.

{¶3} On remand, the trial court held a hearing and entered a judgment that again determined the effective date of the child support modification to be April 1, 2011. Mr. Choma filed a timely appeal and raises one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN NOT MODIFYING CHILD SUPPORT EFFECTIVE AUGUST 10, 2009, THE DATE OF THE FILING OF THE MOTION FOR MODIFICATION.

{¶4} Mr. Choma argues that the trial court erred when it ordered Ms. Sandel's child support obligation to commence on the date that the parenting time was changed in 2011 rather than the filing date of his 2009 motion. He maintains that there were no special circumstances to justify the use of the 2011 date and that the trial court should have found that the 2009 date of the motion's filing was the effective date of the revised child support order. This Court disagrees.

{¶5} A trial court's calculation of child support is reviewed for an abuse of discretion. *Cameron v. Cameron*, 9th Dist. Medina No. 10CA0064-M, 2011-Ohio-3884, ¶ 6, citing *Dunbar v. Dunbar*, 68 Ohio St. 3d 369, 371 (1994). An abuse of discretion "implies that the trial court's attitude [was] unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). This Court may not substitute its judgment for that of the trial court when applying the abuse of discretion standard. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶6} Unless there are "special circumstances" to warrant the use of a different date, the trial court should use the date that a motion to modify child support is filed as the effective date of the new support award. *Sandel*, 2012-Ohio-3781 at ¶ 5, quoting *State ex rel. Draiss v. Draiss*, 70 Ohio App.3d 418, 421 (9th Dist.1990). As this Court has explained, this rule is utilized to protect the parties from the often significant delay between the filing of the motion and a decision thereon. *Id*. "When a trial court selects a different effective date for a child support modification, that date must have a 'reasonable basis' and bear some significance in the underlying litigation." *Id*. at ¶ 6, quoting *In re P.J.H.*, 196 Ohio App.3d 122, 2011-Ohio-5970, ¶ 19 (2d Dist.2011). While the trial court has the discretion to utilize a date other than the date when the motion was filed, it must state an adequate basis for doing so. *Id*.

{¶7} Mr. Choma filed a multi-branched motion on August 10, 2009, seeking, in part, "an [o]rder requiring * * * [Ms.] Sandel * * * to pay child support * * * [as] [t]here has been a change in circumstances * * *." He requested that the revised child support order be retroactive to the date of Ms. Sandel's change in income. Simultaneous with the filing of his motion, he filed an affidavit in which he averred that Ms. Sandel's income changed and that there was a change in the parties' parenting time as the children were spending more than 50 percent of their

time under his care. At the time Mr. Choma filed his motion, neither parent was paying child support. Mr. Choma's obligation to pay was terminated February 18, 2009, and, due to equal parenting time and equivalent incomes, Ms. Sandel was not ordered to pay child support. Mr. Choma did not request a temporary order of child support while his motion was pending.

{¶8} A remand hearing was held at which both Mr. Choma and Ms. Sandel testified and presented evidence. The trial court again found that April 1, 2011, was the effective date for the child support modification. The court concluded that, at the time Mr. Choma filed his motion, Ms. Sandel had yet to experience an increase in income as she did not sign her employment contract until nine days later. It also noted that, when Mr. Choma was the obligor, his child support obligation was subject to a downward deviation. However, the most important factor that the trial court relied upon when it decided not to use the date of the filing of the motion as the effective date of Ms. Sandel's child support obligation, was "the fact that the modification of child support naming [Ms. Sandel] as obligor stems from changes made to the custodial portion of the Shared Parenting Plan which substantially decreased the amount of time the children were with [Ms. Sandel]."

{¶9} Based upon the affidavit filed with Mr. Choma's motion to modify and a review of the remand hearing transcript, it is apparent that Mr. Choma sought to increase the amount of Ms. Sandel's child support obligation due to two factors that he argued demonstrated a change in circumstances: (1) her increase in income and (2) her alleged decrease in parenting time. With regard to Ms. Sandel's change in income, she testified that, on August 19, 2009, she signed an employment contract with a local school district for the 2009/2010 school year. When she received her first pay pursuant to that contract, it reflected that she was paid a salary effective August 1, 2009. Her salary for the 2009/2010 school year was $92,762.38 and her salary for the

2010/2011 school year was $97,709.81. These amounts were an increase from her previous income of $75,000 per year.

{¶10} However, the testimony at the remand hearing demonstrated that, up until April 1, 2011, the only change in parenting time was when Ms. Sandel would drop the children off at Mr. Choma's home so that he could supervise them before and after school. Ms. Sandel testified that this accounted for 20 or 30 minutes in the morning and that Mr. Choma was only home with the children for approximately 30 minutes before she picked them up in the afternoon. Ms. Sandel further testified that "everything changed" on April 1, 2011, when the shared parenting plan was modified to provide for a substantial decrease in her parenting time.

{¶11} Based on this Court's review of the record, we cannot conclude that the trial court abused its discretion in finding that the effective date of the child support modification was April 1, 2011, when the parenting time was modified rather than in 2009 when Mr. Choma's motion was filed. The trial court's use of the date in which Ms. Sandel's parenting time was substantially decreased is a "reasonable basis" that "bear[s] some significance" given the testimony and evidence adduced at trial that April 1, 2011, was the date when significant changes were made to the shared parenting plan. *Sandel*, 2012-Ohio-3781 at ¶ 6, quoting *In re P.J.H.*, 2011-Ohio-5970 at ¶ 19. There is ample evidence in the record to demonstrate that the amount of parenting time was a major factor that both the trial court and the parties previously used when determining the amount of child support. Thus, the trial court did not abuse its discretion in finding that the April 1, 2011, parenting time modification constituted a "special circumstance" that justified not using the date of the motion's filing as the effective date of Ms. Sandel's child support obligation. Mr. Choma's assignment of error is overruled.

III.

**{¶12}** Mr. Choma's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

JOHN M. DOHNER, Attorney at Law, for Appellant.

MORA LOWRY, Attorney at Law, for Appellee.