[Cite as *K.S. v. K.B.*, 2017-Ohio-7103.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

K.S.

Court of Appeals No. F-17-005

Appellant

Trial Court No. 2033052

v.

K.B.

**DECISION AND JUDGMENT**

Appellee

Decided: August 4, 2017

* * * * *

Todd B. Guelde, for appellant.

K.B., pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Plaintiff-appellant, K.S., appeals the February 6, 2017 judgment of the Fulton County Court of Common Pleas, Juvenile Division, which, following the parties' objections to the administrative decision determined, inter alia, the effective date of the child support modification. Because we find that the court did not abuse its discretion, we affirm.

{¶ 2} The parties, appellant K.S., mother, residential parent and obligee, and appellee K.B., father and obligor, have a child together who was born in 2000. Over the years, the amount of child support owed fluctuated based on the parties' incomes. Relevant to this appeal, on February 8, 2016, pursuant to an administrative review request, the Fulton County Child Support Enforcement Agency ("CSEA") sent its recommendations to the parties. The CSEA recommended that appellee pay $465.11 per month if he was providing the child's health insurance; if not, the amount would be $518.81 per month plus $112 for cash medical support. Objections to the findings were filed on February 22, 2016. Following a hearing on March 14, 2016, the hearing officer affirmed the administrative review findings. Both parties filed objections to the administrative decision and it was sent to the court for judicial review.

{¶ 3} The hearing was originally set for July 2016, but the matter was continued to August 15, 2016, for appellee to retain counsel. In August, newly retained counsel requested and was granted a two-week continuance to gain additional information. Thereafter, following negotiations, at a hearing on October 19, 2016, the parties informed the court that they had reached an agreement. The agreement was never signed and the matter proceeded to a final hearing on January 31, 2017.

{¶ 4} At the hearing, the parties made their respective arguments; appellee, pro se, as counsel had previously withdrawn. The parties expressed agreement as to the actual amount of the modification: appellee to pay $561.06, when health insurance is provided by appellant, and appellee to pay $464.54, when health insurance is provided by appellee; the court determined that the tax exemption be awarded to appellant. Regarding the issue

2.

on appeal, appellant argued that the child-support modification should apply retroactive to March 14, 2016, when the hearing she requested was held; appellee contended that the proper start date was January 1, 2017, when he stopped covering the child's medical insurance. The court determined that the proper effective date was October 19, 2016, when the parties had reached an agreement, though it was not effectuated. The court further noted: "[A]s a Judge we tend to try to hit the middle, and I ordered your client the tax exemption over Mr. [B]'s objection, so I'm going to split the middle on the date and I'm gonna do an effective date of child support of October 19, 2016." Following the trial court's February 6, 2017 judgment entry, appellant commenced this appeal and raises the following assignment of error:

> The trial court abused its discretion by unreasonably and arbitrarily deciding that the effective date of modification of appellant's child support order should take effect on October 19, 2016, and not on the first day of the month following the date on which the review of the court child support order began.

{¶ 5} In her sole assignment of error, appellant disputes the portion of the court's judgment entry which ordered that the modification's effective date be October 19, 2016. Appellant contends that according to law, the modified order's effective date should relate back to March 1, 2016, the month following appellant's filing of objections to the administrative review finding. Conversely, appellee asserts that the portion of the order which included the switch of health insurance for the minor from father to mother, was

never requested by appellant until August 19, 2016, and the proposed change was first calculated on October 19, 2016.

{¶ 6} We first note that orders involving child support are reviewed under an abuse of discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). An abuse of discretion occurs where a trial court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 7} Appellant correctly states that "absent some special circumstance, an order of a trial court modifying child support should be retroactive to the date such modification was first requested." *State ex rel. Draiss v. Draiss*, 70 Ohio App.3d 418, 421, 591 N.E.2d 354 (9th Dist.1990). *See* R.C. 3119.71(B). This is to avoid an inequitable result caused by the usual time delay between the filing of the motion and the trial court's disposition. *Id. See Hamilton v. Hamilton*, 107 Ohio App.3d 132, 139-140, 667 N.E.2d 1256 (6th Dist.). A "special circumstance" has been found where the alternate date has a "'reasonable basis' and bear[s] some significance in the underlying litigation." *Sandel v. Choma*, 9th Dist. Summit No. 25995, 2012-Ohio-3781, ¶ 6, quoting *In re P.J.H.*, 196 Ohio App.3d 122, 2011-Ohio-5970, 962 N.E.2d 389, ¶ 9 (2d Dist.).

{¶ 8} In support of her argument, appellant relies on a Second Appellate District case which reversed the trial court's finding that the effective date of the modification of child support set by the magistrate bore no "significance in relation to the grounds for the relief the court ordered." *Bell v. Bell*, 2d Dist. Montgomery No. 23714, 2010-Ohio-5276, ¶ 24. In *Bell*, in October 2007, the father obligor filed a motion to reduce his child

4.

support obligation due to the faultless loss of his job. *Id.* at ¶ 3. The matter came on for a hearing in the fall of 2008, and the magistrate filed a decision on December 4, 2008. *Id.* at ¶ 4. The magistrate granted the modification and set January 1, 2008, as the effective date. *Id.* at ¶ 5-6. Following father's objections the trial court, concluding that the magistrate provided no rationale for the January date, set the effective date at August 12, 2008, the date the parties first presented testimony on the motion. *Id.* at ¶ 7-10. On appeal, the court found that the trial court abused its discretion because the August 2008 date bore "no significance in relation to the grounds for the relief the court ordered, which arose from the loss of his teaching position in June of 2007." *Id.* at ¶ 24.

{¶ 9} Appellant argues that like *Bell*, the effective date of the modification chosen by the trial court bears no significance to her request. She asserts that because she filed her objections to the Administrative Review finding in February 2016, the first day of the following month, March 1, 2016, was the proper effective date. Conversely, appellee contends that it was August 2016, before appellant first requested that she be permitted to provide medical insurance to the child at a lower cost and, thus, increase appellee's monthly obligation to appellant. Appellee asserts that this informal request was first committed to writing at the October 19, 2016 pretrial which was the effective date ultimately chosen by the court. The worksheet created reflected the adjusted obligation. Appellee contends that appellant's insurance request was a "special circumstance," allowing the court, in its discretion, to modify the effective date.

{¶ 10} Upon review, we find that unlike *Bell*, the effective date chosen by the court did bear significance to the basis of appellant's request. The October date was

5.

when the parties reached an agreement regarding the transfer of the child's health insurance coverage. Further, appellant stated at the January 31, 2017 hearing that appellee's insurance coverage for the child terminated on October 19, 2016. Accordingly, we find that appellant's assignment of error is not well-taken.

{¶ 11} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Fulton County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
                                                      JUDGE

Arlene Singer, J _____

                                                _____

Christine E. Mayle, J. _____                                     JUDGE
CONCUR.

                                                _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.