[Cite as *Rowe v. Rowe*, 2018-Ohio-1103.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

NATALIE E. ROWE, nka MARSHALL

    Appellee

    v.

TODD A. ROWE

    Appellant

C.A. No.     16AP0062

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    13-DI-0371

DECISION AND JOURNAL ENTRY

Dated: March 26, 2018

SCHAFER, Presiding Judge.

{¶1} Respondent-Appellant, Todd Rowe, appeals the order of the Wayne County Court of Common Pleas, Domestic Relations Division modifying his child support. For the reasons that follow, this court affirms.

I.

{¶2} Mr. Rowe and Petitioner-Appellee, Natalie Rowe, now known as Natalie Marshall, were granted a decree of dissolution on December 4, 2013. Two minor children were born of the marriage ("Rowe children"). Ms. Marshall subsequently married John Marshall.

{¶3} Pursuant to the decree of dissolution, Mr. Rowe was designated the obligor and Ms. Marshall the obligee for purposes of child support and cash medical support. Additionally, the court found that Mr. Rowe had private health insurance coverage available for the children at a reasonable cost through his then employer. Consequently, Mr. Rowe was designated the health

insurance obligor and ordered to provide private health insurance for the children. However, Mr. Rowe was thereafter terminated from his employment and thus, lost his health insurance.

{¶4}     As Ms. Marshall is voluntarily unemployed and the Rowe children were left without health insurance, Mr. Marshall elected to add the Rowe children to the health insurance policy available to him through his employment. Ms. Marshall thereafter filed a motion to modify child support due to the increased cost to her household to cover the Rowe children on Mr. Marshall's policy. A magistrate granted Ms. Marshall's motion and the trial court adopted the magistrate's decision over Mr. Rowe's objections and entered judgment.

{¶5}     Mr. Rowe filed this timely appeal raising four assignments of error for our review. As Mr. Rowe's first, second, and third assignments of error raise similar issues, we elect to address them together.

## II.

### Assignment of Error I

**The trial court committed error as a matter of law in adopting the magistrate's calculation on child support which requires the appellant (obligor) to pay a portion of a stepparent's health insurance premium when there is not health insurance available to either parent at reasonable cost.**

### Assignment of Error II

**The trial court committed error in adopting the magistrate's decision which calculates child support that includes an upward deviation based upon health insurance premiums that are not reasonable as a matter of law.**

### Assignment of Error III

**The trial court's order providing for an upward deviation of child support based upon costs of health insurance that are statutorily not reasonable is unreasonable and an abuse of discretion.**

{¶6}     In his first assignment of error, Mr. Rowe argues that the trial court erred in adopting the magistrate's decision that Mr. Rowe's child support should deviate upward based

on his "fair share" of the cost of the Rowe children's private health insurance because he had already been ordered to pay cash medical support. Mr. Rowe argues in his second assignment of error that pursuant to the statute, the cost of health insurance to a parent may only be considered in the calculation of child support if that cost is reasonable as a matter of law. Since the magistrate determined, as a matter of law, that health insurance was not available to either Mr. Rowe or Ms. Marshall at a reasonable price, the magistrate was precluded from considering the cost of the Rowe children's insurance when determining if an upward deviation was appropriate in this case. In his third assignment of error, Mr. Rowe argues that the trial court abused its discretion in adopting the magistrate's decision because an upward deviation based on the costs of health insurance that are statutorily unreasonable was an abuse of the magistrate's discretion. We disagree.

{¶7}   "This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Sifferlin v. Sifferlin*, 9th Dist. Summit No. 27169, 2014-Ohio-5645, ¶ 8. "'In so doing, we consider the trial court's action with reference to the nature of the underlying matter.'" *Id.* quoting *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. The propriety of a trial court's determination regarding child support is reviewed for an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Moreover, when applying an abuse of discretion standard, this Court may not substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8}   In this case, the magistrate determined that neither Mr. Rowe nor Ms. Marshall should be designated the health insurance obligor since medical insurance was not available at a

reasonable cost to either party. *See* R.C. 3119.30(B); R.C. 3119.29(A)(8). Accordingly, the magistrate concluded that Mr. Rowe would "pay child support from the column of the child support computation worksheet which states: 'WHEN HEALTH INSURANCE IS NOT PROVIDED' and will pay cash medical support." The magistrate then considered which portion, if any, of the cost of covering the Rowe children under private health insurance should be taken into consideration in computing child support. Ultimately, the magistrate determined that that the amount calculated using the basic child support schedule and the applicable worksheet would be unjust or inappropriate and would not be in the best interests of the Rowe children. The magistrate explicitly cited R.C. 3119.23(P), "[a]ny other relevant factor" and specifically found it was in the Rowe children's best interest to have private insurance and for Mr. Rowe to contribute financially to the cost of that insurance so that the children can remain insured. Consequently, the magistrate determined Mr. Rowe's "fair share" of the Rowe children's insurance, off set that amount by the amount of cash medical support Mr. Rowe was required to pay, and ordered an upward deviation in Mr. Rowe's child support based on the difference.

{¶9} Generally, if a trial court issues a shared parenting order, the court must also order the payment of child support calculated using the child support schedule and worksheet set forth in R.C. 3119.022. R.C. 3119.24(A). The worksheet allows for a calculation of the obligor's actual annual obligation when insurance is provided and for when insurance is not provided. R.C. 3119.022. Cash medical support is required to be paid when the children are not covered by private health insurance and is defined as "an amount ordered to be paid in a child support order toward the cost of health insurance provided by a public entity, another parent, or person

with whom the child resides, through employment or otherwise, or for other medical cost not covered by insurance."  R.C. 3119.29(A)(1); *see* R.C. 3119.30(C).

{¶10}  Mr. Rowe's argument that pursuant to the language of R.C. 3119.30(B) and (C), the cost of health insurance to a parent is only includable in the calculation of child support if that cost is reasonable misconstrues the statute and ignores additional provisions allowing a trial court to deviate from that calculation.  *See* R.C. 3119.22.  First, Pursuant to R.C. 3119.30(B)(1)-(3), if at the time of the child support order, health insurance coverage for the children is available at a reasonable cost, *the order must contain a requirement* that either the obligor, obligee, or both obtain private health insurance for the children.  R.C. 3119.30(B)(4) states, however, that if at the time of the child support order, health insurance coverage for the children is not available at a reasonable cost, *the order must include a requirement* that the obligor or the obligee *immediately inform* the child support enforcement agency *when private health insurance coverage for the children has become available*.  R.C. 3119.30(C), on the other hand, states that whenever a child support order is issued and an obligor's income is over a specific amount, the order shall include the amount of cash medical support, as calculated by that section, to be paid during any period after the order is issued during which the children are not covered by private health insurance.  The inclusion of what the amount of cash medical support will be is required regardless of whether private insurance is or is not available at a reasonable cost and regardless of whether private medical insurance is being provided at the time of the order.

{¶11}  Moreover, the presumption that the child support calculated pursuant to the basic child support schedule and applicable worksheet through the line establishing the actual annual obligation is the correct amount of child support due *is rebuttable*.  R.C. 3119.03.  The line establishing the actual annual obligation includes the cash medical support calculation.  *See*  R.C.

3119.022. By statute, if the actual annual obligation "would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstance of the parents or because of any other factors or criteria set forth in [R.C. 3119.23], the court may deviate from that amount." R.C. 3119.24(A). If a court deviates from the calculated child support, the court *must* consider extraordinary circumstances and other factors or criteria and enter findings of fact supporting its determination. R.C. 3119.24(A)(2). "Extraordinary circumstances of the parents" includes "each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant" and well as "[a]ny other circumstances the court considers relevant." R.C. 3119.24(B)(3)-(4). Additionally, pursuant to R.C. 3119.23(P), the court *may* consider "[a]ny other relevant factor", but if the court grants a deviation pursuant to this section, it must specifically state the facts that are the basis for the deviation.

{¶12} In this case, the magistrate determined that the actual annual obligation would be unjust or inappropriate and would not be in the best interests of the Rowe children. The magistrate specifically found it was in the Rowe children's best interest to have private insurance and for Mr. Rowe to contribute financially to the cost of continuing that insurance coverage. Although the magistrate acknowledged that Mr. Rowe was contributing to that cost through his court ordered cash medical support, the magistrate determined that amount was not his "fair share" and that "it would be fair and equitable and in the best interests of the children for [Mr. Rowe] to pay a percentage of this insurance" based upon the percentage of income determined in the applicable worksheet.

{¶13} In adopting the magistrate's decision, the trial court recognized in its judgment entry filed May 12, 2016, that R.C. 3119.23 specifically directs a court to consider all relevant

factors, including "(G) the disparity in income between the parties *or households*, (H) benefits that either parent receives from remarriage or sharing living expenses with another person, and (P) any other relevant factor." (Emphasis sic.) The trial court found as follows:

> the imposition of a standard guideline level child support worksheet order would be unjust, inappropriate and not in the best interest of the minor children taking into account the fact father was obligated to provide insurance of the children, he failed to do so after being fired from his job, mother's family was required therefore to assume the obligation at significant cost, and eliminating father's responsibility for providing health insurance saved him significant amounts of money, while costing mother, through mother's immediate family, significant amounts of money.

The trial court further found that it was in the Rowe children's best interest to have Mr. Rowe contribute financially to the cost of "their necessary expenses and well[-]being, and recognize[d] that it is also equally important that the children be covered through health insurance." The trial court also found that mother acted "appropriately" when placing the Rowe children on Mr. Marshall's health insurance despite the "considerable expense to the family, and even though at the time it was father's obligation to maintain health insurance on the children."

{¶14} Accordingly, we cannot say that the trial court abused its discretion by adopting the magistrate's decision determining that an upward deviation was appropriate.

{¶15} Mr. Rowe's first, second, and third assignments of error are overruled.

### Assignment of Error IV

**The trial court's decision establishing the effective date of June 1, 2015 for the recalculated child support is unreasonable and an abuse of discretion.**

{¶16} In his fourth assignment of error, Mr. Rowe argues that the trial court erred and abused its discretion when it adopted the magistrate's decision to retroactively set the effective date of the child support modification as the date Ms. Marshall filed her motion to modify support. We disagree.

**{¶17}** The propriety of a trial court's determination regarding child support is reviewed for an abuse of discretion. *Booth*, 44 Ohio St.3d at 144. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore*, 5 Ohio St.3d at 219. Moreover, when applying an abuse of discretion standard, this Court may not substitute its own judgment for that of the trial court. *Pons*, 66 Ohio St.3d at 621.

**{¶18}** In this case, Ms. Marshall filed her motion to modify on June 1, 2015. Although a review of the record shows that the trial court did not specifically determine the appropriate effective date of the child support modification, this Court has previously recognized that "[w]hen a trial court modifies child support, the change should be effective as of the date that the motion to modify was filed unless 'special circumstance[s]' justify a different date." *Sandel v. Choma*, 9th Dist. Summit No. 25995, 2012-Ohio-3781, ¶ 5, citing *State ex rel Draiss v. Draiss*, 70 Ohio App.3d 418, 421 (9th Dist.1990). "[T]his rule is utilized to protect the parties from the often significant delay between the filing of the motion and a decision thereon." *Sandel v. Choma*, 9th Dist. Summit No. 26895, 2013-Ohio-5410, ¶ 6. However, a "'presumption of retroactivity' * * * may be 'overcome' by facts in the record that demonstrate special circumstances." *Sandel*, 2012-Ohio-3781 at ¶ 5, quoting *Cameron v. Cameron*, 9th Dist. Medina No. 10CA0064-M, 2011-Ohio-3884, ¶ 7.

**{¶19}** On appeal, Mr. Rowe argues that the child support modification should not be retroactive because: (1) "there is no statutory or case law support" for an upward deviation based on a step-parent's health insurance costs that are not reasonable as a matter of law; and (2) the magistrate used an approach to calculate child support which was "unknown to anyone until the decision was issued [and] which is based upon a theory heretofore not embraced by any court in the State of Ohio." Nonetheless, our resolution of Mr. Rowe's first, second, and third

assignments of error shows that his above contentions are meritless and thus, cannot be "special circumstances." Accordingly, we cannot say that the trial court abused its discretion by adhering to the general rule that "[w]hen a trial court modifies child support, the change should be effective as of the date that the motion to modify was filed[.]" *Sandel*, 2012-Ohio-3781 at ¶ 5, citing *Draiss* at 421.

**{¶20}** Therefore, Mr. Rowe's fourth assignment of error is overruled.

### III.

**{¶21}** Mr. Rowe's assignments of error are overruled. Therefore, the judgment of the Wayne County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

R.J. HELMUTH, Attorney at Law, for Appellant.

LON VINION, Attorney at Law, for Appellee.