[Cite as *State v. Davidson*, 2018-Ohio-1779.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| STATE OF OHIO, | : | |
| --- | --- | --- |
| Plaintiff-Appellee, | : | CASE NOS. CA2017-08-015<br>CA2017-08-016 |
| | : | O P I N I O N |
| - vs - | | 5/7/2018 |
| | : | |
| RICHARD A. DAVIDSON, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI20160326


Jess C. Weade, Fayette County Prosecuting Attorney, 110 East Court Street, Washington C.H., Ohio 43160, for plaintiff-appellee

Wolfe Law Group, LLC, Stephen T. Wolfe, 1350 West 5th Avenue, Suite 124, Columbus, Ohio 43212, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Richard Davidson, appeals his conviction in the Fayette County Court of Common Pleas for unlawful sexual conduct with a minor and aggravated possession of drugs. For the reasons detailed below, we affirm.

{¶ 2} On February 3, 2017, Davidson was indicted on one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04, a third-degree felony, and aggravated possession of drugs in violation of R.C. 2925.11, a fifth-degree felony. Davidson waived his

right to a jury trial and the matter was tried to the bench.

{¶ 3} The state presented evidence that R.S. was 13 years old and Davidson was 43 years old on November 24, 2016. R.S. testified that she had dating profiles on the websites "Uber Horny" and "Fling" where she listed her age as 19 years old. It was through these dating or hookup websites that R.S. met Davidson. Following communication through these websites, R.S. arranged a rendezvous with Davidson at her home, telling him to park at a nearby business and come around to the back door.

{¶ 4} When Davidson arrived, R.S. testified that she let him into the house and led him into her bedroom and told him to be quiet so as not to wake her grandmother. R.S. testified that they sat on the bed and talked for approximately 30 minutes during which Davidson, on numerous occasions, asked how old she was. R.S. stated that she told Davidson each time that she was 19 years old. At one point, Davidson asked R.S. what her birthdate was and she responded, "I told him it was 12/26 and then I paused on the year because I had to do the math * * * I told him '97, 12/26 of '97."

{¶ 5} After talking, R.S. stated that Davidson began kissing her and advanced toward pursuing sexual conduct. Eventually, R.S. testified that Davidson removed her pants and underwear and performed oral sex on her and digitally penetrated her over the next 90 minutes. At some point, R.S.'s grandmother came to check on her and discovered Davidson, naked and attempting to hide behind a dresser. As a result, R.S.'s grandmother called the police. Davidson remained at the house until the police arrived, maintaining that he believed R.S. was older.

{¶ 6} Thereafter, Davidson's car was impounded and detectives discovered a glass pipe in the center console of the vehicle with a quantity of methamphetamine. Results from the Bureau of Criminal Investigation confirmed that the substance tested positive for methamphetamine.

{¶ 7} Following the introduction of the state's evidence, Davidson moved for a Crim.R. 29 motion for acquittal, which was denied. Thereafter, Davidson rested his case. The trial court found Davidson guilty of both counts and sentenced him to four years in prison on the unlawful sexual conduct charge to be served concurrent with a 12-month sentence on the drug possession offense. Davidson was also classified as a Tier II sexual offender. Davidson now appeals, raising three assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29.

{¶ 12} In his first and second assignments of error, Davidson argues that the state failed to produce sufficient evidence to sustain his convictions. We find both assignments of error to be without merit.

{¶ 13} Crim.R. 29(A) provides that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." An appellate court reviews the denial of a Crim.R. 29(A) motion under the same standard as that used to review a sufficiency-of-the evidence claim. *State v. Mota*, 12th Dist. Warren No. CA2007-06-082, 2008-Ohio-4163, ¶ 5.

{¶ 14} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the

- 3 -

average mind of the defendant's guilt beyond a reasonable doubt. *State v. Leiter*, 12th Dist. Warren No. CA2016-12-104, 2017-Ohio-8537, ¶ 13. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 15} Davidson was convicted of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A). That statute provides,

> No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

{¶ 16} "Sexual conduct" is defined in R.C. 2907.01(A) as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another."

{¶ 17} "A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C); *State v. Smith*, 12th Dist. Warren Nos. CA2012-02-017 and CA2012-02-018, 2012-Ohio-4644, ¶ 36.

{¶ 18} Davidson's convictions for unlawful sexual conduct with a minor and aggravated possession of drugs were based on sufficient evidence. The state presented evidence that R.S. was 13 years old and Davidson was 43 years old on November 24, 2016. R.S. testified about the encounter with Davidson which included both cunnilingus and digital

penetration.

{¶ 19} Davidson argues that his conduct was at worst negligent, and certainly not reckless. Davidson cites R.S.'s dating profile and her insistence that she was 19 years old. Davidson further believes that the trial court considered the hookup websites and pornographic imagery contained in photographs of the website as evidence that he was morally reprehensible and thus guilty without considering whether his behavior was legally reckless. Essentially, Davidson argues "the trial court would have to have found that Mr. Davidson disregarded a substantial and justifiable risk that R.S. was under the age of sixteen based solely upon her living with her grandparents and him failing to ask for government-issued identification and proof of age."

{¶ 20} However, following review of the record, we find Davidson's argument is without merit. In a sufficiency analysis, "the persuasiveness of the State's evidence is not at issue." *State v. Stoddard*, 9th Dist. Summit No. 27426, 2015-Ohio-3750, ¶ 25. The only issue is whether, viewing the evidence in favor of the State, the State set satisfied its burden of production. *Id.*

{¶ 21} In this case, R.S. testified that she had invited Davidson to the house in the middle of the night and gave him instructions to not arouse the suspicions of her grandmother. R.S. testified that Davidson asked her how old she was on numerous occasions and even asked her what her birthday was, which caused her to "pause" so she could do the math in her head. While R.S. told Davidson that she was 19 years old, he did not do anything to learn her true age. In fact, the evidence strongly suggests that Davidson was extremely skeptical that R.S. had provided him with her correct age. Viewing the evidence in a light most favorable to the prosecution, a reasonable trier of fact could find that Davidson was reckless in determining R.S.'s true age before engaging in sexual conduct with her.

{¶ 22} Finally, although Davidson argues that *both* of his convictions were not supported by sufficient evidence, he makes no argument in his brief as to the second conviction for aggravated possession of drugs. Nevertheless, following independent review, we conclude that Davidson's conviction for aggravated possession of drugs is also supported by sufficient evidence. The state presented sufficient evidence that Davidson knowingly possessed methamphetamine in violation of R.C. 2925.11. As a result, Davidson's first and second assignments of error are overruled.

{¶ 23} Assignment of Error No. 3:

{¶ 24} THE APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 25} In his third assignment of error, Davidson argues that he received ineffective assistance of counsel. Davidson's argument is without merit.

{¶ 26} To prevail on an ineffective assistance of counsel claim, appellant must show his trial counsel's performance was deficient, and that he was prejudiced as a result. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 49. Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052 (1984). To show prejudice, appellant must establish that, but for his trial counsel's errors, there is a reasonable probability that the result of his trial would have been different. *Id.* at 694.

{¶ 27} The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Clarke* at ¶ 49. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7.

**{¶ 28}** Davidson argues that his trial counsel was ineffective for entering into a variety of stipulations. Davidson specifically references stipulations regarding: conflicting reports of doctors who were not going to testify,[1] Davidson's prior written statement, the amount and identity of the drugs found in his vehicle, venue, and identification of Davidson by the victim. However, "it is well-established that decisions regarding what stipulations should be made, what evidence is to be introduced, what objections should be made, and what pretrial motions should be filed, primarily involve trial strategy and tactics." *State v. Cline*, 10th Dist. Franklin No. 05AP-869, 2006-Ohio-4782, ¶ 22.

**{¶ 29}** Based on a thorough review of the record we cannot conclude that either prong of the *Strickland* test is satisfied. In this case, the record supports a finding that Davidson's trial strategy focused on the issue of recklessness as to R.S.'s age. In fact, as noted by Davidson's trial counsel below:

> Yes, sir. I just want to put on record it's part of trial strategy the main thrust of our defense is related to the sex allegations and so this is a a [sic] minor issue and it is the defense strategy to agree to these things and focus on the sex.

Furthermore, Davidson does not argue that any of the items stipulated into evidence were inadmissible or even contested. As to venue and identification, Davidson was arrested at R.S.'s house in Fayette County. Davidson's prior written statement indicated that he was engaged in some romantic encounter with R.S., but maintained that he believed she was older. In addition, the doctor reports related to the medical examination performed on R.S. following the sexual encounter. Again, Davidson did not defend on the basis that the sexual encounter did not occur, as he was found fully naked by R.S.'s grandmother, but rather on the basis that he was not reckless as to R.S.'s age. Even Davidson's focus on the stipulation

---

1. A physical assessment was included in the record. The conflicting report that Davidson references relates to whether R.S.'s hymen was intact and the location of any transection.

of the weight and identity of the drugs found in his car can be considered in light of trial strategy.

{¶ 30} In summary, the focus of Davidson's defense was on the sexual conduct and his knowledge or recklessness in ascertaining the age of the victim. By stipulating to the above-referenced evidence, Davidson's trial counsel may well have been attempting to focus the trial court's attention on the issue of recklessness. Based on these facts, it would not be an unreasonable trial strategy to defend on that basis.

{¶ 31} Next, Davidson argues that his trial counsel was ineffective for advising him to waive a jury trial and instead proceed with a bench trial. Davidson also argues that his trial counsel was ineffective for failing to introduce any witnesses or testimony during his case-in-chief because the trial court had already denied his Crim.R. 29 motion for acquittal. Davidson argues that since the "trial court ha[d] already denied the motion, and there is no jury, a defendant is pretty well on notice that the court will be finding him guilty, so at that point there is nothing to lose by testifying."

{¶ 32} Davidson's argument is unpersuasive. The decision to proceed with a bench trial is a matter of trial strategy. *State v. Cloud*, 5th Dist. Delaware No. 06CAA090068, 2007-Ohio-4241, ¶ 35. Furthermore, Davidson was apprised of his right to a jury and he signed a waiver of such in open court. Finally, Davidson's argument regarding the Crim.R. 29 motion is without merit as he fails to distinguish between the concepts of sufficiency, weight, and whether the offense has been proven beyond reasonable doubt. Though the trial court denied the Crim.R. 29 motion, that issue merely addresses sufficiency; the trial court could still have found the state's evidence lacked credibility or found that the state did not prove its case beyond reasonable doubt.

{¶ 33} In conclusion, we find Davidson did not received ineffective assistance of counsel. Accordingly, Davidson's third assignment of error is overruled.

**{¶ 34}** Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.