[Cite as *State v. Bryant*, 2019-Ohio-2078.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                    :

    Appellee,                                   :             CASE NO. CA2018-09-186

    - vs -                                      :             O P I N I O N
                                                           5/28/2019
                                                :

DERRICK BRYANT,                                  :

    Appellant.                                  :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2010-12-1974


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Derrick Bryant, A610453, Chillicothe Correctional Institution, 15802 State Route 104, North Chillicothe, Ohio 45601, appellant, pro se


**PIPER, J.**

{¶ 1} Appellant, Derrick Bryant, appeals a decision of the Butler County Court of Common Pleas denying his motion for relief from judgment.

{¶ 2} Bryant called the owner of the company for which he worked and requested a raise. A few hours after the owner declined Bryant's request, Bryant arrived at the owner's office and asked to speak to the owner alone. When the owner refused, Bryant left the office and returned with a rifle. Bryant then held the owner and another employee at gunpoint for

approximately 20 minutes. During this time, Bryant threatened to kill both the owner and employee.

{¶ 3} Bryant was later arrested and charged with, among other offenses, kidnapping and felonious assault and their accompanying firearm specifications. Following a jury trial, Bryant was found guilty of all charges. The trial court then merged certain charges for purposes of sentencing and ordered Bryant to serve an aggregate prison term of 10 years.

{¶ 4} Bryant has previously challenged his convictions and sentence multiple times in the trial court and has appealed multiple times challenging the trial court's rulings. Bryant has challenged his convictions in this court by way of a direct appeal and subsequently has filed multiple petitions for postconviction relief. Bryant has also filed motions for reconsideration of this court's decisions, a motion to reopen his appeal, and a request for en banc consideration of his appeal. Each time, Bryant's motions have been denied and his appellate attempts overruled.[1]

{¶ 5} In his most recent attempt to have his convictions overturned, Bryant filed a motion for relief from judgment in the trial court, which was denied. Bryant now appeals the trial court's denial of his latest attempt to have his convictions overturned, raising the following assignment of error:

{¶ 6} TRIAL COURT COMMITS PLAIN ERROR BY THE MERE FACT, THE TRIAL COURT DID NOT FOLLOW THE OHIO REVISED CODE 2941.25 AS TO THE LAW, TO SENTENCE MULTIPLE CONVICTIONS IN THIS CASE. [SIC]

{¶ 7} Bryant argues that the trial court erred by not finding that his convictions were allied offenses subject to merger. This argument is not new, as Bryant has raised the allied offenses argument three times previous to the current motion for relief from judgment.

---

1. Including the case at bar, Bryant has filed six different appeals and one original action related to his conviction and sentence.

{¶ 8} The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from the judgment. *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10.

{¶ 9} The Ohio Supreme Court has recognized that "when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law, and any error must be asserted in a timely appeal or it will be barred by principles of res judicata." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 26.

{¶ 10} The record clearly indicates that the trial court properly considered which of Bryant's charges were allied offenses at the time of sentencing, a fact that Bryant did not raise as error in his direct appeal. As such, Bryant's challenges regarding allied offenses have been, and remain barred by res judicata. Bryant's assignment of error is, therefore, overruled.

{¶ 11} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.