[Cite as *State v. Harrop*, 2019-Ohio-3230.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

STATE OF OHIO, :

    Appellee, : CASE NO. CA2018-12-028

: O P I N I O N
- vs - 8/12/2019

:

ZACHARY HARROP, :

    Appellant. :

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI20050109

Jess C. Weade, Fayette County Prosecuting Attorney, 110 East Court Street, Washington C.H., Ohio 43160, for appellee

Zachary Harrop, #A496784, London Correctional Institution, 1580 State Route 56, SW London, Ohio 43140, pro se

**PIPER, J.**

{¶ 1} Appellant, Zachary Harrop, appeals decisions of the Fayette County Court of Common Pleas denying his motion for a new trial and his petition for postconviction relief.

{¶ 2} In the early morning hours of April 1, 2005, Harrop was at a residence with the home's owner, a friend of the owner, and Roger Byrd. Byrd was asleep in the living room when he suddenly stood up and began urinating on the floor in front of Harrop and the

homeowner. Harrop began hitting Byrd and forced him out of the house. After Byrd unsuccessfully attempted to reenter the home through the front door, he successfully gained entrance through the back door. Once again, Harrop grabbed Byrd and forced him outside. In the process of forcing Byrd outside twice and preventing him from reentering the house, Harrop hit Byrd in the face with his fist multiple times and kicked him several times.

{¶ 3} After removing Byrd from the house a second time, Harrop dragged Byrd to the neighbor's yard. While being dragged out, Byrd lost his shoes, socks, pants, and underwear. He was discovered with only a shirt on by construction workers the following morning. Byrd later perished from his injuries.

{¶ 4} Harrop was convicted of murder and tampering with evidence. Harrop appealed his convictions and sentence and included arguments regarding ineffective assistance of counsel. This court affirmed Harrop's convictions but remanded the matter for resentencing on procedural grounds. *State v. Harrop*, 12th Dist. Fayette No. CA2005-12-036, 2006-Ohio-6080. After the trial court resentenced Harrop, he once again appealed his sentence and we affirmed. *State v. Harrop*, 12th Dist. Fayette No. CA2012-10-033 (July 1, 2013) (Accelerated Calendar Judgment Entry).

{¶ 5} Thereafter, Harrop challenged his convictions and sentence in multiple ways, including unsuccessfully filing for a writ of habeas corpus in federal court. The Sixth Circuit Court of Appeals determined that Harrop's counsel was not ineffective and that this court and the common pleas court properly ruled on Harrop's appeals and motions. *Harrop v. Sheets*, 430 F.Appx. 500 (6th Cir.2011).

{¶ 6} Even then, Harrop filed a motion for a new trial and petition for postconviction relief in the trial court. The trial court denied each of the motions, finding that res judicata applied. Harrop now appeals the trial court's decisions, raising multiple assignments of error for our review. However, we, too, find that res judicata applies to bar Harrop's arguments on

appeal.

{¶ 7}  The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from the judgment.  *State v. Bryant*, 12th Dist. Butler No. CA2018-09-186, 2019-Ohio-2078.

{¶ 8}  Harrop directly appealed his convictions and sentence on multiple occasions, and either asserted or could have asserted in his direct appeals the same arguments he raised in his motion for a new trial and petition for postconviction relief.  For example, Harrop asserts in the current appeal that his trial counsel was ineffective.  However, Harrop had previously raised the issue of ineffective assistance of counsel in his previous appeals and the matter was ruled upon.  Thus, his ineffective assistance of counsel claim, and the other issues he raises on appeal, are barred by res judicata.  As such, the trial court properly overruled Harrop's motion for a new trial and petition for postconviction relief.  After a thorough review of the record and considering all arguments raised, Harrop's assignments of error are overruled.

{¶ 9}  Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.