[Cite as *State v. Davidson*, 2020-Ohio-3144.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-07-013 |
| | : | O P I N I O N |
| - vs - | | 6/1/2020 |
| | : | |
| RICHARD A. DAVIDSON, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI20160326


Jess, C. Weade, Fayette County Prosecuting Attorney, 110 East Court, Washington Court House, Ohio 43160, for appellee

Richard A. Davidson, #A737319, London Correctional Institution, 1580 State Route 56 SW, London, Ohio 43140, pro se



**S. POWELL, J.**

{¶ 1} Appellant, Richard A. Davidson, appeals the decision of the Fayette County Court of Common Pleas denying his petition for postconviction relief after he was found guilty of unlawful sexual conduct with a minor and aggravated possession of drugs following a bench trial. For the reasons outlined below, we affirm the trial court's decision.

{¶ 2} On February 3, 2017, the Fayette County Grand Jury returned an indictment

charging Davidson with one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a third-degree felony, and one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony. The matter was ultimately tried to the bench. At trial, the state presented evidence that Davidson, who was at that time 43 years old, had engaged in unlawful sexual conduct with the 13-year-old victim, R.S., during the early morning hours of December 1, 2016. The state also presented evidence that police then discovered methamphetamine in the car Davidson had driven that morning to meet with R.S. The trial court found Davidson guilty on both counts and sentenced him to serve four years in prison. The trial court also classified Davidson as a Tier II sex offender.

{¶ 3} Davidson then appealed. In support of his appeal, Davidson argued that the state had failed to produce sufficient evidence to support his conviction. Davidson also argued that he received ineffective assistance of counsel. This court disagreed and affirmed Davidson's conviction in *State v. Davidson*, 12th Dist. Fayette Nos. CA2017-08-015 and CA2017-08-016, 2018-Ohio-1779 ("*Davidson I*"). In so holding, this court stated in regard to Davidson's conviction for unlawful sexual conduct with a minor:

> In this case, R.S. testified that she had invited Davidson to the house in the middle of the night and gave him instructions to not arouse the suspicions of her grandmother. R.S. testified that Davidson asked her how old she was on numerous occasions and even asked her what her birthday was, which caused her to "pause" so she could do the math in her head. While R.S. told Davidson that she was 19 years old, he did not do anything to learn her true age. In fact, the evidence strongly suggests that Davidson was extremely skeptical that R.S. had provided him with her correct age. Viewing the evidence in a light most favorable to the prosecution, a reasonable trier of fact could find that Davidson was reckless in determining R.S.'s true age before engaging in sexual conduct with her.

*Id.* at ¶ 21.

{¶ 4} Davidson did not timely appeal this court's decision to the Ohio Supreme Court. However, after the time to request review by the Ohio Supreme Court had passed,

- 2 -

Davidson filed a motion for a delayed appeal. The Ohio Supreme Court denied Davidson's motion for a delayed appeal in *State v. Davidson*, 153 Ohio St.3d 1493, 2018-Ohio-1103. Davidson also filed an application requesting this court reopen his appeal. This court denied Davidson's application to reopen his appeal in *State v. Davidson*, 12th Dist. Fayette Nos. CA2017-08-015 and CA2017-08-016 (Oct. 5, 2018) (Entry Denying Application to Reopen Appeal). The Ohio Supreme Court subsequently declined review of this court's decision to deny Davidson's motion to reopen his appeal in *State v. Davidson*, 154 Ohio St.3d 1479, 2019-Ohio-173.

{¶ 5} On April 25, 2018, while his direct appeal in *Davidson I* was still pending, Davidson filed a petition for postconviction relief with the trial court. In the months that followed, Davidson also filed an amended petition for postconviction relief, a supplemental petition for postconviction relief, as well as a motion for summary judgment on his petition for postconviction relief.[1] Then, on October 9, 2019, the trial court denied Davidson's petition for postconviction relief upon finding Davidson had failed to set forth any "substantive grounds for relief." The trial court reached this decision without first holding a hearing on the matter. Davidson now appeals the trial court's decision to deny his petition for postconviction relief, raising six assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} R.C. 2907.04(A) IS VOID FOR VAGUENESS IN RELATION TO THE RECKLESS ELEMENT AND UNCONSTITUTIONAL.

{¶ 8} In his first assignment of error, Davidson argues the trial court erred by denying his petition for postconviction relief since the unlawful sexual conduct with a minor

---

1. Davidson also filed a petition for a writ of habeas corpus with the United States District Court for the Southern District of Ohio. Finding no merit to any of the arguments raised by Davidson therein, the district court denied Davidson's petition in *Davidson v. Warden, Warren Corr. Inst.*, 2019 U.S. Dist. LEXIS 38174 (S.D.Ohio, Mar. 11, 2019).

statute, R.C. 2907.04(A), is unconstitutionally void for vagueness. However, contrary to Davidson's claim, the Second District Court of Appeals has already rejected this argument in *State v. Turner*, 156 Ohio App.3d 177, 2004-Ohio-464 (2d Dist.). In so holding, the Second District specifically found R.C. 2907.04(A) is not "void for vagueness. To the contrary, persons of ordinary intelligence could easily tell what conduct is prohibited." *Id.* at ¶ 19. We agree.

{¶ 9} While it may be true that Davidson has consistently argued that he reasonably believed R.S. was 19 years old at the time of the offense, that does not negate the fact that the statutory elements necessary to secure a conviction for unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) are clear. That is to say, in order to secure a conviction, the state needed to prove: (1) Davidson engaged in sexual conduct with R.S.; (2) R.S. was not Davidson's spouse when the sexual conduct occurred; (3) Davidson was 18 years of age or older at the time; (4) R.S. was 13 years of age or older, but under 16 years of age; and (5) Davidson knew R.S.'s age or was reckless in that regard. As this court already determined in *Davidson I*, the state proved all of these elements beyond a reasonable doubt. *Id.*, 2018-Ohio-1779 at ¶ 12-22. Therefore, because R.C. 2907.04(A) is not unconstitutionally void for vagueness, Davidson's first assignment of error lacks merit and is overruled.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT LACKED JURISDICTION OVER THE SUBJECT-MATTER IN ORDER TO HOLD APPELLANT CRIMINALLY LIABLE.

{¶ 12} In his second assignment of error, Davidson argues the trial court erred by denying his petition for postconviction relief since the trial court lacked subject matter jurisdiction to convict him of unlawful sexual conduct with a minor. Davidson supports this argument by alleging Ohio appellate courts now "consistently hold" that the unlawful sexual

conduct statute, R.C. 2907.04(A), possesses both "mens rea elements and strict liability." This, according to Davidson, renders "the mens rea elements" found in R.C. 2907.04(A) "non-essential and removed the trial court's jurisdiction over the subject matter," which "also removed the trial court's power and authority to adjudicate the merits of the case and to hold [him] criminally reliable (sic)." Therefore, because "[t]he mens rea elements of a criminal offense are what gives a trial court jurisdiction over the subject-matter in order to hold the defendant criminally liable," Davidson argues the trial court lacked subject matter jurisdiction to convict him of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A). We disagree.

{¶ 13} Davidson is essentially arguing that his conviction is void for lack of subject matter jurisdiction since his indictment did not allege every element of the offense. However, while that may have been the law in the past, *see State v. Conley*, 12th Dist. Preble No. CA90-11-023, 1991 Ohio App. LEXIS 3343, *3-4 (July 15, 1991), citing *State v. Cimpritz*, 158 Ohio St. 490 (1953), paragraphs three and six of the syllabus; and *State v. Wohlever*, 27 Ohio App.3d 192 (9th Dist.1985), "a conviction stemming from an indictment that omits a material element of the offense sought to be charged is no longer considered void for lack of subject matter jurisdiction." *State v. Shie*, 12th Dist. Butler No. CA2007-02-038, 2008-Ohio-350, ¶ 57, citing *Midling v. Perrini*, 14 Ohio St.2d 106, 107 (1968). The conviction is instead considered "voidable on a direct appeal from that judgment of conviction." *Id.*

{¶ 14} Because the alleged defect in Davidson's indictment rendered his conviction for unlawful sexual conduct with a minor at worst voidable, not void, Davidson cannot challenge the sufficiency of his indictment now that "all direct appeals from his conviction have been exhausted." *State v. Howe*, 2d Dist. Montgomery No. 23423, 2010-Ohio-1621, ¶ 20. Therefore, finding no merit to Davidson's claim alleging the trial court lacked subject

matter jurisdiction to convict him of unlawful sexual conduct with a minor, Davidson's second assignment of error is overruled.

{¶ 15} Assignment of Error No. 3:

{¶ 16} INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

{¶ 17} In his third assignment of error, Davidson argues the trial court erred by denying his petition for postconviction relief because his trial counsel provided him with ineffective assistance of counsel. Davidson supports this claim by alleging his trial counsel was ineffective for failing to establish a defense strategy, for resting at the close of the state's case without calling any witnesses, for "waiving jury rights," for "not allowing him to testify at trial," for stipulating to "everything to include all evidence," for stipulating to his "guilt on all charges," for "not objecting to a single issue throughout the entire trial proceeding," as well as for "not calling a single witness to testify, failing to renew [his] Crim.R. 29 motion for acquittal within (14) days of the verdict, not meeting with [him] prior to sentencing phase, and not presenting [a] defense whatsoever[.]" We disagree.

{¶ 18} This court has already rejected these same arguments, or substantially similar arguments, when affirming Davidson's conviction on direct appeal in *Davidson I*. *See Id.*, 2018-Ohio-1779 at ¶ 25-33. There is nothing in the record now before this court that would change this court's earlier decision on those matters. There is also nothing in the record that would necessitate this court to reconsider that decision in this case. The doctrine of res judicata clearly applies and bars these claims. *See, e.g., State v. Harrop*, 12th Dist. Fayette No. CA2018-12-028, 2019-Ohio-3230, ¶ 8 (res judicata applied where appellant "had previously raised the issue of ineffective assistance of counsel in his previous appeals and the matter was ruled upon"). Therefore, for the reasons already stated by this court in *Davidson I*, Davidson's third assignment of error lacks merit and is overruled.

{¶ 19} Assignment of Error No. 4:

- 6 -

{¶ 20} THE APPELLANT HAS BEEN PREJUDICIALLY DEPRIVED OF HIS ACTUAL INNOCENCE.

{¶ 21} In his fourth assignment of error, Davidson argues the trial court erred by denying his petition for postconviction relief since he is innocent of unlawful sexual conduct with a minor. This is because, according to Davidson, he was the unwitting victim of a fraud perpetrated by R.S., "a teen with the help of her family members," who tricked him "into believing he was actually meeting with an adult." However, as noted above, this court has already determined that Davidson's conviction was supported by sufficient evidence on direct appeal in *Davidson I*. *See Id.*, 2018-Ohio-1779 at ¶ 12-22. There is again nothing in the record now before this court that would change this court's earlier decision on those matters, nor is there anything in the record that would necessitate this court to reconsider that decision in this case. This holds true even when reviewing the "new" documentary evidence Davidson claims contains "absolute proof" that he was "misled by fraudulent means" into "believing R.S. was an adult." Therefore, for the reasons already stated by this court in *Davidson I*, Davidson's fourth assignment of error lacks merit and is overruled.

{¶ 22} Assignment of Error No. 5:

{¶ 23} THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO MORE THAN THE MINIMUM SENTENCE.

{¶ 24} In his fifth assignment of error, Davidson argues the trial court erred by denying his petition for postconviction relief because the record does not support the trial court's decision to impose more than the minimum sentence. This claim is also barred by the doctrine of res judicata. *See, e.g., State v. Smith*, 5th Dist. Fairfield No. 14-CA-18, 2014-Ohio-4657, ¶ 24 (res judicata applied to bar appellant's claim alleging the trial court erred by imposing "more than the minimum sentence"). However, even when reviewing this claim on the merits, we disagree with Davidson's claim and find there was more than

enough evidence to support the trial court's decision to sentencing him to more than the minimum sentence.

{¶ 25} We also disagree with Davidson's claim that the trial court's sentencing decision was contrary to law since the trial court failed to consider the necessary sentencing statutes, R.C. 2929.11 and 2929.12, prior to issuing its sentencing decision. The record instead indicates the trial court properly considered the statutory sentencing factors and guidelines found in both statutes before pronouncing its decision to sentence Davidson to four years in prison. Therefore, finding no merit to any of the arguments raised by Davidson herein, Davidson's fifth assignment of error is overruled.

{¶ 26} Assignment of Error No. 6:

{¶ 27} THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S PETITION FOR POSTCONVICTION RELIEF WITHOUT A HEARING.

{¶ 28} In his sixth assignment of error, Davidson argues the trial court erred by denying his petition for postconviction relief without first holding a hearing. However, contrary to Davidson's claim, an evidentiary hearing is not automatically guaranteed each time a defendant files a petition for postconviction relief. *State v. Suarez*, 12th Dist. Warren No. CA2014-02-035, 2015-Ohio-64, ¶ 10. Rather, to be entitled to a hearing, Davidson was required to "show that there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 11. Davidson failed to make that showing. Therefore, because Davidson failed to establish sufficient operative facts to show that there were substantive grounds for relief, the trial court did not err by denying Davidson's petition for postconviction relief without first holding a hearing. Accordingly, finding no merit to Davidson's claim raised herein, Davidson's sixth assignment of error is overruled.

{¶ 29} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.