[Cite as *State v. Gibson*, 2021-Ohio-2150.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-11-114 |
| | : | O P I N I O N |
| - vs - | | 6/28/2021 |
| | : | |
| PAUL H. GIBSON, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR 2015 10 1601


Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Paul H. Gibson, #A725912, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, pro se


**S. POWELL, J.**

{¶ 1}   Appellant, Paul H. Gibson, appeals the decision of the Butler County Court of Common Pleas denying his joint petition for postconviction relief and motion for a new trial. For the reasons outlined below, we affirm the trial court's decision.

{¶ 2}   On April 22, 2016, a jury found Gibson guilty of raping a nine-year-old girl in violation of R.C. 2907.02(A)(1)(b), a first-degree felony.  Approximately one month later, on

May 24, 2016, the trial court held a sentencing hearing and sentenced Gibson to serve a mandatory term of ten-years-to-life in prison. The trial court also ordered Gibson to pay a $5,000 fine and classified Gibson as a Tier III sex offender.

{¶ 3} On March 13, 2017, this court affirmed Gibson's conviction. *See State v. Gibson*, 12th Dist. Butler No. CA2016-06-107, 2017-Ohio-877. In so holding, this court found Gibson's conviction was not against the manifest weight of the evidence. *Id.* at ¶ 32-41. In reaching this decision, this court found it clear that "[t]he jury found [the victim's] testimony believable and we defer to the factfinder with respect to credibility determinations." *Id.* at ¶ 39. This court also found that "[a]ny asserted inconsistencies" in the victim's testimony were "readily explained" by the testimony elicited from the state's expert witness, "an expert in pediatric abuse who has seen over a thousand patients for child sexual abuse in her career * * *." *Id.* This was in addition to this court's finding that "to the extent any inconsistencies existed, the jury was able to rationally resolve them based on the testimony presented at trial during their deliberations." *Id.* at ¶ 40.

{¶ 4} On December 12, 2018, Gibson filed with this court an application for reconsideration and an application to reopen his appeal. This court denied Gibson's application for reconsideration on January 8, 2019. *See State v. Gibson*, 12th Dist. Butler CA2016-06-107 (Jan. 8, 2019) (Entry Denying Application for Reconsideration). The following month, on February 5, 2019, this court also denied Gibson's application to reopen his appeal. *See State v. Gibson*, 12th Dist. Butler No. CA2016-06-017 (Feb. 5, 2019) (Entry Denying Application for Reopening).

{¶ 5} On March 13, 2019, Gibson filed the joint petition for postconviction relief and motion for new trial subject to this appeal. In support of this filing, Gibson argued the trial court judge who presided over his trial, Judge Charles Pater, was biased and prejudiced against him, thereby entitling him to a new trial.

{¶ 6} On September 4, 2019, Gibson filed a supplemental petition for postconviction relief. In his supplemental petition, Gibson again argued that he was entitled to a new trial because Judge Pater "made decisions to [his] detriment which were influenced by" Judge Pater's bias and prejudice against him. These decisions included, but were not limited to, the trial court's decision not to dismiss a potential juror for cause, the trial court's decision to permit the victim's mother to testify at trial about Gibson's "excessive" drinking, and the trial court's decision to reject Gibson's request to question a witness about whether Gibson had voluntarily submitted to a polygraph examination.

{¶ 7} On October 26, 2020, a visiting judge issued a decision denying Gibson's joint petition for postconviction relief and motion for a new trial. In so holding, the court noted that it had reviewed the entirety of the record and found "no evidence" that Judge Pater "made trial rulings or other decisions that evidenced judicial bias." Given this finding, the court also found Gibson had failed to demonstrate that he was entitled to a new trial.

{¶ 8} Gibson now appeals the decision denying his joint petition for postconviction relief and motion for new trial, raising the following five assignments of error for review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} TRIAL COURT ERRED BY APPOINTING COUNSEL REQUESTED BY PROSECUTION, VIOLATING LOCAL RULE 6.04.

{¶ 11} Assignment of Error No. 2:

{¶ 12} TRIAL COURT MADE ERROR BY DENYING DEFENDANT THE RIGHT TO PRESENT A COMPLETE DEFENSE.

{¶ 13} Assignment of Error No. 3:

{¶ 14} PROSECUTORIAL MISCONDUCT/FRAUD.

{¶ 15} Assignment of Error No. 4:

{¶ 16} PROSECUTORIAL MISCONDUCT. FILING FRAUDULENT DOCUMENTS

WITH THE COURT WITH THE INTENT TO MISLEAD.

{¶ 17} Assignment of Error No. 5:

{¶ 18} REFUSAL TO DISMISS FOR CAUSE, CREATING A BIAS AND PREJUDICIAL JURY.

{¶ 19} In his five assignments of error, Gibson makes a variety of claims challenging the jury's verdict finding him guilty of first-degree felony rape. This includes arguments wherein Gibson claims that he received ineffective assistance of trial counsel, that he was the victim of prosecutorial misconduct, and that the trial court denied him the right to present a complete defense. However, even assuming the facts alleged by Gibson were true, the vast majority of Gibson's arguments could have been raised as part of his direct appeal, thereby rendering those claims barred by the doctrine of res judicata. *See, e.g., State v. Harrop*, 12th Dist. Fayette No. CA2018-12-028, 2019-Ohio-3230, ¶ 8 (res judicata barred appellant's arguments raised in his petition for postconviction relief and motion for new trial where appellant "directly appealed his convictions and sentence on multiple occasions, and either asserted or could have asserted in his direct appeals the same arguments he raised in his motion for a new trial and petition for postconviction relief").

{¶ 20} That is to say nothing of the fact that several of Gibson's other claims do not arise out of the judgment entry that Gibson appealed, i.e., the trial court's decision denying his joint petition for postconviction relief and motion for new trial. Gibson's claims instead arise out of the trial court's original judgment entry sentencing him to serve a mandatory term of ten-years-to-life in prison after the jury found him guilty of first-degree felony rape. Pursuant to App.R. 12(A)(1)(a), this court may only "[r]eview and affirm, modify, or reverse *the judgment or final order appealed * * *.*" (Emphasis added.) Therefore, assuming Gibson's claims were not already barred by the doctrine of res judicata, any of Gibson's claims arising out of something other than the trial court's decision denying his joint petition

and motion need not be addressed by this court. *See, e.g., State v. Wright*, 8th Dist. Cuyahoga No. 95634, 2011-Ohio-3583, ¶ 7 ("[b]ecause this assignment of error addresses issues outside the scope of the present appeal, it will not be addressed").

{¶ 21} Regardless, even when reviewing the actual substance of Gibson's claims, we find no merit to any of the arguments raised within Gibson's five assignments of error. For instance, as it relates to Gibson's first assignment of error alleging the trial court violated its Loc.R. 6.04 by appointing him with trial counsel requested by the state, that rule sets forth the trial court's procedure as it relates to discovery, submitting interrogatories, and requests for admission. The trial court's Loc.R. 6.04, therefore, has no application to the case at bar, let alone to the trial court's decision denying Gibson's joint petition for postconviction relief and motion for new trial. Gibson's claim otherwise lacks merit.

{¶ 22} Moreover, as it relates to Gibson's fourth assignment of error alleging the state acted fraudulently when it filed a false and/or misleading memorandum regarding the proposed testimony of his expert witness, Dr. Lowenstein, Gibson has not provided any evidence to prove the state actually engaged in such misconduct. Gibson has also failed to provide any evidence to show how the state's alleged misconduct contributed to the trial court's purported bias against him, as well as any prejudice resulting from the state's alleged misconduct. This is because, as the record indicates, Gibson was free to argue against the state's position before the trial court, just as he does to this court on appeal. The same rationale would apply to Gibson's arguments advanced under his second and third assignments of error, one of which involves a substantially similar argument wherein Gibson alleges the state submitted "false, fraudulent documents with the intent to mislead the court, with complete success."

{¶ 23} Gibson's claims advanced under his fifth assignment of error also lack merit. In his fifth assignment of error, Gibson argues the "willingness" of the trial court "to leave a

potentially bias[ed] juror for defense to use as an unnecessary preemptory challenge on shows bias." The record, however, does not support Gibson's claim that his trial counsel sought to have that juror excused for cause. And, even if the record did support such a claim, the record indicates that juror specifically stated that he could be a fair and impartial. There is also nothing in the record to indicate any decision the trial court may have made regarding this juror was the result of the trial court's bias against Gibson, nor is there anything in the record to indicate how the jury's composition prejudiced Gibson. This is particularly true here when considering the jury acquitted Gibson on three of the four charges.

{¶ 24} In light of the foregoing, and despite Gibson's claims otherwise, the record is devoid of any evidence to suggest the trial court was biased against Gibson or that Gibson did not receive a fair trial. In so holding, we note the well-established principle that "a defendant is entitled to a fair, but not perfect, trial." *State v. Morton*, 8th Dist. Cuyahoga No. 109200, 2021-Ohio-581, ¶ 49, citing *United States v. Hasting*, 461 U.S. 499, 508-509, 103 S.Ct. 1974 (1983); and *State v. Lott*, 51 Ohio St.3d 160, 166 (1990). "The purpose of appellate review," therefore, "is to ensure that litigants receive fair trials, not perfect ones." *State v. Lopez*, 2d Dist. Montgomery No. 18646, 2001 Ohio App. LEXIS 5620, *16 (Dec. 14, 2001) (Fain, J., concurring). Accordingly, finding no merit to any of the arguments advanced herein, Gibson's five assignments of error lack merit and are overruled.

{¶ 25} Judgment affirmed.

M. POWELL, P.J., and BYRNE, J., concur.