[Cite as *State v. Gibson*, 2024-Ohio-120.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-05-056 |
| | : | O P I N I O N |
| - vs - | | 1/16/2024 |
| | : | |
| PAUL H. GIBSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-10-1601

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Paul H. Gibson, pro se.

**BYRNE, J.**

{¶ 1} The Butler County Court of Common Pleas convicted Paul Gibson of rape. Gibson's direct appeal to this court was unsuccessful. After his direct appeal concluded, Gibson—appearing pro se—filed multiple motions in the common pleas court challenging his conviction. The state moved to strike, dismiss, or deny several of Gibson's filings. The

common pleas court did so, in two entries. Gibson appealed those entries to this court. On appeal, the state moved to strike Gibson's assignments of error and to dismiss the appeal. For the reasons that follow, we grant the state's motion.

## I. Factual and Procedural Background

{¶ 2} In October 2015, a Butler County grand jury indicted Gibson on multiple counts of rape. The matter proceeded to a jury trial in April 2016. The jury found Gibson guilty of one count of rape, and the court sentenced Gibson to a prison term. Gibson appealed his conviction. In 2017, we affirmed the conviction, concluding Gibson's direct appeal. *State v. Gibson*, 12th Dist. Butler No. CA2016-06-107, 2017-Ohio-877, ¶ 42.

{¶ 3} In 2019, Gibson—proceeding pro se—filed a joint petition for postconviction relief and motion for a new trial. He later, through counsel, filed a supplemental petition for postconviction relief. In October 2020, the trial court denied the petitions for postconviction relief and the motion for a new trial.

{¶ 4} Gibson appealed the trial court's denial of his petitions for postconviction relief and his motion for a new trial. In June 2021, we affirmed the trial court's decision. *State v. Gibson*, 12th Dist. Butler No. CA2020-11-114, 2021-Ohio-2150, ¶ 25. In doing so, we found that Gibson's various arguments were barred by res judicata, and we further found that those arguments had no substantive merit. *Id*. at ¶ 19-24. Furthermore, we noted that several of Gibson's arguments did not arise out of the judgment entry that he appealed from, but instead arose out of the trial court's original judgment entry sentencing him to a prison term. *Id.* at ¶ 20. As a result, we found that those arguments were outside of the scope of the appeal, and did not need to be addressed. *Id*. Gibson appealed our decision to the Ohio Supreme Court, which declined to accept review. *State v. Gibson*, 165 Ohio St.3d 1424, 2021-Ohio-3730.

{¶ 5} In September 2021, Gibson filed a second pro se motion for a new trial, in

which he asserted the same arguments rejected in his first motion for a new trial. In January 2022, the trial court issued a decision rejecting Gibson's second motion for a new trial.

{¶ 6} Gibson did not appeal the trial court's January 2022 decision denying his second pro se motion for a new trial. Instead, Gibson filed a series of motions and other filings, consisting of the following,

> REQUEST TO COMPELL THE COURT OF COMMON PLEAS RENDER THEIR DECISION (REQUEST FOR THE COURT OF COMMON PLEAS TO RENDER ITS DECISION TO PLAITIFFS REQUEST FOR A NEW TRIAL PURSUIANT TO CRIMINAL RULE 33) (Filed 01/25/2022).[1]
>
> REQUEST FOR REVIEW AND RECONSIIDERATION OF DENIAL OF R. 33 REQUEST FOR A NEW TRIAL FILED SEPTEMBER, THIRTEENTH, 2021 IN THE COURT OF COMMON PLEAS BUTLER COUNTY, OHIO (Filed 02/14/2022).
>
> REQUEST FOR COURT DECISION TO CRIM R. 33 MOTION FOR A NEW TRIAL (Filed 05/02/2022).
>
> PETITION FOR COURT TO GRANT LEAVE OF REQUEST FOR POST_CONVICTION RELIEF (Filed 06/13/2022).
>
> REQUEST FOR POST- CONVICTION RELIEF BASED ON NEWLY DISCOVERED EVIDENCE THAT COULD NOT BY DUE DILIGENCE OF DEFENDANT HAVE BEEN DISCOVERED WITHIN THE TIME LINE OF THREE HUNDRED AND SIXTY FIVE DAYS (Filed 06/13/2022).
>
> MOTION TO COMPEL COURTS RULING TO APPEAL OF POST-CONVICTION RELIEF (Filed 01/11/2023).

{¶ 7} In March 2023, the state moved for leave to file an untimely response to the June 13, 2022, "petition" and "request" filings described above, arguing that additional time was merited because Gibson never provided a copy of either of these filings to the prosecutor's office. Separately, the state asked the common pleas court to strike, dismiss, or deny Gibson's remaining filings listed above and to dismiss, on the merits, the June 13,

---

1. We have copied the text of the captions of Gibson's filings without alteration.

2022 filings as untimely requests for postconviction relief.

{¶ 8}   The common pleas court granted the state's request for leave to respond to the June 13 filings.  And on April 24, 2023, the trial court issued two journal entries.  The first journal entry granted the state's motion to strike, dismiss, or deny the filings other than the June 13 filings.  The court found that the filings were baseless for various reasons, including that they were not recognized under law, were misfiled, or were improper attempts to appeal from the court's January 2022 decision.

{¶ 9}   The second journal entry granted the state's motion to dismiss the June 13 filings.  In doing so, the court construed the June 13 filings as "successive and untimely requests for post-conviction relief."  The court further noted that Gibson admitted that the arguments raised in the June 13 filings mirrored "errors raised in a previous motion for a new trial that was denied by the court and not appealed by him." (The court was referencing its January 2022 decision.)  Ultimately, the court found that the June 13 filings constituted an untimely petition for postconviction relief and furthermore, that Gibson's arguments were barred by res judicata.

{¶ 10} Gibson thereafter noticed his appeal of the trial court's two April 24, 2023, journal entries.

## II. Law and Analysis

{¶ 11} Gibson presents 11 assignments of error for our review.  The state responded, and also filed a motion requesting that we declare Gibson a vexatious litigator.  We will address these issues in turn.

### A. Arguments Presented Outside of Scope of Judgment Appealed

{¶ 12} In his 11 assignments of error, Gibson raises arguments identical to those that he previously raised in his September 2021 second pro se motion for a new trial.  Those

arguments were resolved by the common pleas court in its January 2022 decision.[2] However, as noted above, Gibson did not appeal from the January 2022 decision. Instead, he appealed from the trial court's April 24, 2023, journal entries granting the state's motion to strike/deny/dismiss Gibson's various motions which he filed after the January 2022 decision.

{¶ 13} In its appellee's brief, the state has asked us to strike Gibson's 11 assignments of error on the basis that each assignment of error pertains to Gibson's arguments that were resolved against him in the trial court's January 2022 decision, and do not relate to the April 24, 2023 journal entries from which Gibson appealed. Upon review, we agree that Gibson's assignments of error all pertain to the January 2022 decision, not the various motions he filed after that date that were addressed in the April 24, 2023 journal entries from which he appealed. The assignments of error are therefore outside of the scope of the April 24, 2023 journal entries from which Gibson appealed. Pursuant to App.R. 12(A)(1)(a), this court may only "Review and affirm, modify, or reverse the judgment or final order appealed * * *." *See also* App.R. 3(D) (requiring that "The notice of appeal * * * shall designate the judgment, order or part thereof [appealed] from * * *."); *Gibson*, 2021-Ohio-2150, ¶ 20. Because Gibson's arguments relate to a decision other than the journal entries from which Gibson appealed, we need not address those arguments. *Gibson* at ¶ 20. Accordingly, we strike Gibson's 11 assignments of error and dismiss this appeal.

### B. Vexatious Litigator Declaration

{¶ 14} During the current appellate proceedings, the state, citing Loc.R. 25, moved to have Gibson declared a vexatious litigator in the Twelfth District Court of Appeals. Loc.R. 25(B) provides, in relevant part,

> If a party or other litigant habitually, persistently and without

---

2. They were also the same arguments he raised in his first motion for a new trial.

reasonable cause engages in frivolous conduct as set forth in section (A) of this rule, the court may, sua sponte or upon the motion of a party, find the offending party or litigant to be a vexatious litigator.

Loc.R. 25(A) states that an appeal shall be considered frivolous "if it is not reasonably well-grounded in fact or warranted by existing law, or by a good faith argument for the extension, modification or reversal of existing law."

{¶ 15} For reasons we discuss below, we agree that Gibson's current appeal would likely constitute a "frivolous" appeal as defined by Loc.R. 25(A). However, we cannot find that Gibson has "habitually" and "persistently" filed frivolous appeals in this court.

{¶ 16} Gibson has filed three appeals with this court concerning his rape conviction over the course of about seven years. As discussed above, the first appeal was his timely direct appeal. Counsel filed that appeal on Gibson's behalf and we resolved that appeal on the merits. That appeal was not frivolous.

{¶ 17} Gibson filed his second appeal pro se. The second appeal had no merit, but we resolved it substantively and procedurally. The third appeal, that is, this appeal, is, as mentioned, likely frivolous given Gibson's awareness (based on our resolution of his second appeal) of the effect of res judicata on his arguments, his repetition of arguments disposed of in earlier proceedings, and his awareness of an inability to raise issues outside of the scope of the judgment entry appealed.

{¶ 18} However, one, or at best, two, frivolous appeals over the course of several years does not, in our estimation, rise to the level of "habitual" and "persistent" frivolous filings sufficient to resort to the extraordinary remedy of declaring an individual a vexatious litigator. *See Lasson v. Coleman*, 2d Dist. Montgomery No. 21983, 2008-Ohio-4140, ¶ 33 (construing R.C. 2323.52 and noting that behavior that is more consistent with an inexperienced litigant does not trigger a vexatious litigator designation, which is an

"extraordinary remedy that should be applied in very limited circumstances, on clear and convincing evidence that a pro se litigant persistently and habitually uses the legal process" in a frivolous manner.)

{¶ 19} Our examination of the record indicates that Gibson's pro se filings in the common pleas court are significantly more voluminous than in this court, and perhaps it is his filings in that court which have motivated the state to pursue a vexatious litigator designation. We offer no opinion on the appropriateness of the state moving the common pleas court to designate Gibson a vexatious litigator.

{¶ 20} For the foregoing reasons, and through the judgment entry issued contemporaneously with this Opinion, we will deny, at this point in time, the state's motion to declare Gibson a vexatious litigator in the Twelfth District Court of Appeals.

## III. Conclusion

{¶ 21} We strike Gibson's 11 assignments of error as beyond the scope of the order appealed from in this case. Having no assignments of error properly before the court, there is nothing for this court to issue judgment upon and this appeal is dismissed.

{¶ 22} Appeal dismissed.

S. POWELL, P.J., and M. POWELL, J., concur.