[Cite as *State v. Lemasters*, 2025-Ohio-129.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-01-002 |
| | : | O P I N I O N |
| - vs - | | 1/21/2025 |
| | : | |
| DONALD F. LEMASTERS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20110122



Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price, Assistant Prosecuting Attorney, for appellee.

Donald Lemasters, pro se.



**BYRNE, P.J.**

{¶ 1} Donald Lemasters appeals from the decision and entry of the Madison County Court of Common Pleas, which denied Lemasters' petition for postconviction relief. For the reasons described below, we affirm the common pleas court's decision.

### I. Factual and Procedural Background

{¶ 2}   In December 2016, in the Madison County Court of Common Pleas, Lemasters pleaded no contest to fourteen counts of pandering sexually-oriented material involving a minor, nine counts of possession of sexually-oriented material involving a minor, and one count of possession of criminal tools.[1]  The court sentenced Lemasters to five years of community control.   Lemasters directly appealed his conviction, but voluntarily dismissed his appeal in July 2017.  *See State v. Lemasters*, 12th Dist. Madison No. CA2017-01-001 (July 27, 2017) (Entry Granting Motion to Dismiss Appeal).

{¶ 3}   In December 2017, Lemasters filed a pro se petition for postconviction relief with the trial court, asserting five grounds for relief, including, relevant to this appeal, his first ground for relief:

> Ground No 1:  [Lemasters'] convictions and sentence violated his constitutional rights against double jeopardy due to the state forfeiting his property, therefore are unconstitutional under the Fifth, Sixth, and Fourteenth Amendments [sic].

{¶ 4}   The trial court denied Lemasters' petition for postconviction relief after finding that grounds three through five were barred by the doctrine of res judicata and that his first and second grounds were without merit.

{¶ 5}   Lemasters appealed.  In an accelerated entry issued in December 2018, this court partially sustained Lemasters' appeal, finding that the trial court failed to make findings of fact and conclusions of law sufficient to allow for appellate review of the merits of Lemasters' double jeopardy claim.  *See State v. Lemasters*, 12th Dist. Madison No. CA2018-01-009 (Dec. 17, 2018) (Accelerated Judgment Entry).  We remanded the case to the trial court either to make findings of fact and conclusions of law on the double

---

1. This case originated in 2011.  Lemasters had previously pleaded no contest to these offenses and was sentenced to an eight-year prison term.  He later moved to withdraw his guilty plea, which motion the trial court granted.  He subsequently re-entered his no contest pleas, as described above.

jeopardy claim or to hold a hearing.

{¶ 6}   On remand, the common pleas court scheduled an April 2019 hearing on Lemasters' double jeopardy claim.   However, prior to the hearing, Lemasters filed a petition for writ of prohibition with the Ohio Supreme Court, styled "*The State Ex rel Lemasters v. Twelfth District Court of Appeals et al.*"   After filing the writ petition, Lemasters moved the common pleas court to stay the scheduled April 2019 hearing on the double jeopardy claim.   On April 18, 2019, the common pleas court stayed the proceedings due to the filing of the writ petition.

{¶ 7}   In June 2019, the Ohio Supreme Court dismissed Lemasters' writ petition.

{¶ 8}   Over four years later, in September 2023, Lemasters moved the common pleas court to reactivate the remanded proceedings and hold a hearing to resolve the double jeopardy claim.

{¶ 9}   In response to Lemasters' reactivation motion, the common pleas court issued a decision and entry in December 2023 in which it found no merit to Lemasters' double jeopardy claim.  The court noted that Lemasters was arguing that the state violated his constitutional right to not be subjected to double jeopardy by obtaining a forfeiture of certain confiscated property prior to his conviction.  The confiscated property he referred to included a camcorder and a laptop Lemasters claimed were seized by law enforcement, but which belonged to his daughter.

{¶ 10} In rejecting Lemasters' double jeopardy claim, the common pleas court addressed the import of *State v. Casalicchio*, 58 Ohio St.3d 178 (1991), a case cited by Lemasters in support of his argument.  The trial court noted that *Casalicchio* involved a criminal forfeiture, which the state failed to seek prior to the defendant's sentence.  The Ohio Supreme Court found that this criminal forfeiture constituted an additional criminal penalty beyond the original sentence, thus violating the defendant's double jeopardy

rights. *Id*. at 183. The trial court found *Casalicchio* distinguishable because in Lemasters' case, the property was forfeited through a civil proceeding brought in municipal court pursuant to R.C. 2981.12. The trial court found that the civil forfeiture of property was not a criminal penalty and did not constitute additional punishment that could have violated Lemasters' double jeopardy rights.

{¶ 11} Lemasters appealed pro se, raising four assignments of error.

## II. Law and Analysis

{¶ 12} For ease of analysis, we address some of Lemasters' assignments of error out of the order presented in his brief.

### A. Argument Beyond the Scope of Entry on Appeal

{¶ 13} Lemasters' first assignment of error states:

> THE TRIAL COURT FAILED TO MAKE A FINDING OF GUILT ON THE DEFENDANT'S "NO CONTEST" PLEAS PURSUANT TO CRIM.R. 32(C).

{¶ 14} In his first assignment of error, Lemasters contends that the trial court erred by never finding him guilty after accepting his no contest pleas in December 2016. The state argues that this argument is beyond the scope of the entry on appeal and is otherwise res judicata.

{¶ 15} The December 2023 decision on appeal here was limited to the issue of the trial court deciding Lemasters' postconviction relief double jeopardy claim. We therefore find that Lemasters' first assignment of error, which pertains to alleged error in accepting his no contest plea in 2016, is beyond the scope of the entry on appeal. Pursuant to App.R. 12(A)(1)(a), this court may only "Review and affirm, modify, or reverse the judgment or final order appealed . . . ." *Accord* App.R. 3(D) (requiring that "The notice of appeal . . . shall designate the judgment, order or part thereof appealed from . . ."); *State v. Gibson*, 2021-Ohio-2150, ¶ 20 (12th Dist.).

- 4 -

{¶ 16} Furthermore, under the doctrine of res judicata,

> a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Dodson*, 2011-Ohio-6347, ¶ 9 (12th Dist.).  Lemasters could have challenged the trial court's alleged error in failing to find him guilty after accepting his no contest pleas during the proceedings in 2016, and also could have raised that issue in a timely direct appeal.  But he did not.  Therefore, res judicata bars Lemasters from raising this issue now.  *See State v. Rarden*, 2016-Ohio-3108, ¶ 14 (12th Dist.).  We overrule Lemasters' first assignment of error.[2]

## B. Lemasters' Double Jeopardy Claim

{¶ 17} Lemasters' fourth assignment of error states:

> THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE DEFENDANT'S DOUBLE JEOPARDY CLAIM, THEREBY VIOLATING HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS; AND ALSO VIOLATED BOTH OHIO LAW AND FEDERAL LAW WHEN INTERPRETING STATUTES.

{¶ 18} Lemasters asserts that the state destroyed a camcorder and laptop that Lemasters claims belongs to his daughter in a forfeiture proceeding.  This property was apparently seized by law enforcement in conjunction with investigating his offenses in the underlying case.  Lemasters argues that this disposal or forfeiture was improper because, in conjunction with his criminal sentence, it constituted a second penalty for his crimes and thus violated his constitutional right to not be subjected to double jeopardy.

---

2. We also note that the record contains an entry and order, dated December 15, 2016 and filed December 19, 2016, in which the court entered its finding of guilt on Lemasters' pleas.  We understand that Lemasters is arguing that the court erred by not orally finding him guilty during the plea hearing itself.

Lemasters also contends that his pleas of no contest were premised on his understanding that this property would be returned to him. Thus, he suggests that his no contest pleas in 2016 were not knowing, intelligent, and voluntary.

{¶ 19} The state contends that the property in question was destroyed pursuant to a civil forfeiture motion filed in the Madison County Municipal Court by the London City Law Director. The state contends that the municipal court granted the motion and ordered the property disposed of in accordance with R.C. 2981.12.

{¶ 20} This is an appeal of the postconviction relief decision by the Madison County Common Pleas Court. Our record on appeal does not include the municipal court filings related to the civil forfeiture action, and thus we are unable to verify the parties' claims concerning what occurred in the municipal court concerning the forfeiture proceedings. Regardless, we find no error here.

{¶ 21} Lemasters cites *State v. Casalicchio*, 58 Ohio St.3d 178 (1991), in support of his claim that the disposal or forfeiture of the confiscated property violated his right to not be subjected to double jeopardy. In *Casalicchio*, the Ohio Supreme Court reversed a criminal forfeiture of an automobile pursuant to former R.C. 2933.43. The supreme court held that such a forfeiture was part of the criminal penalty for the underlying offense, and because the forfeiture was not sought until after sentencing, it was a second penalty for the same offense in violation of the double jeopardy clause. *Id*. at 182-183. As noted by the trial court, the case before us differs from *Casalicchio* because the disposal of Lemasters' property was apparently achieved through a civil forfeiture proceeding in the municipal court.

{¶ 22} But even if there were error in what occurred at the municipal court, Lemasters would not be able to obtain relief through his postconviction relief petition. The municipal court, not the common pleas court, ordered Lemasters' property disposed of or

forfeited. Any due process or other constitutional violation should have been raised in the municipal court or in an appeal from the municipal court's order. This is not an issue cognizable by the common pleas court in considering Lemasters' petition for postconviction relief.

{¶ 23} We also note that Lemasters asserts that the property disposed of was not his property, but rather his daughter's property. This raises the question of whether Lemasters has standing to claim any due process violation concerning the destruction of the property. However, this is not an issue that needs to be addressed in the context of this opinion.

{¶ 24} Regarding Lemasters' claim that this forfeiture issue made his plea less than knowing, intelligent, and voluntary, we note that the only mention of the property during the plea hearing came at the end of the plea hearing, *after* Lemasters had entered his no-contest pleas. In response to his question about the property, the prosecutor said he *believed* that the property was still in law enforcement's custody but needed additional time to review that issue with law enforcement and "address that issue by motion." So Lemasters' argument that he entered his no-contest pleas with an understanding that the property would be returned to him has no factual basis in the record. And for the same reasons discussed in response to his first assignment of error, this issue is beyond the scope of appellate review and is also res judicata. We overrule Lemasters' fourth assignment of error.

### C. Failure to Conduct a Hearing

{¶ 25} Lemasters' second assignment of error states:

> THE TRIAL COURT FAILED TO CONDUCT A HEARING, THEREBY VIOLATING THE DEFENDANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT.

{¶ 26} Lemasters argues that the common pleas court erred and violated his due process rights by failing to hold a hearing on his postconviction relief petition's double jeopardy claim. Lemasters argues that he set forth sufficient operative facts to establish substantive grounds for relief, and therefore the court was required to hold a hearing. We disagree. In light of our disposition of Lemasters' fourth assignment of error, we conclude that Lemasters did not set forth operative facts establishing substantive grounds for relief, and therefore the common pleas court did not err in declining to hold a hearing.

### D. Findings of Fact and Conclusions of Law

{¶ 27} Lemasters' third assignment of error states:

THE COURT DISMISSED THE PETITITON WITHOUT MAKING THE NECESSARY FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO R.C. 2953.21.

{¶ 28} Lemasters argues that the court failed to issue proper findings of fact and conclusions of law pursuant to R.C. 2953.21.

{¶ 29} R.C. 2953.21(D) provides that if a court dismisses a petition for postconviction relief, it "shall make and file findings of fact and conclusions of law with respect to such dismissal." The reason for the findings are to advise the petitioner of the grounds for the judgment and to enable the appellate court to properly determine an appeal. *State v. Wilson*, 2014-Ohio-2342, ¶ 21 (12th Dist.).

{¶ 30} The common pleas court issued a written decision on Lemasters' double jeopardy claim so this argument has no merit. Lemasters appears to be raising other issues within this assignment of error that challenge the factual basis underpinning the trial court's decision on double jeopardy. However, given our resolution of Lemasters' fourth assignment of error, these arguments are meritless. We overrule Lemasters' third assignment of error.

{¶ 31} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.